## KNEELAND vs. CONNALLY.

[This case was brought forward from the last term, under §4271 (a) of the Code ]

1. There is no law by which the chief of police of the city of Atlanta can be ruled by the superior court.

2. A house or room where gaming is carried on, or is suspected on common knowledge to be carried on, may be broken open to arrest the keeper and seize the tools of his trade, on legal authority; and a warrant for the seizure of the keeper of the unlawful house or room carries with it the power or legal authority to seize the implements of his crime.

(a.) Therefore, where the chief of police of the city of Atlanta, under a warrant from the mayor to arrest the keeper of a gaming house, forcibly entered the room where such gaming was commonly known to be carried on, and besides arresting the defendant in the warrant, seized the gaming implements found there, which he held first under verbal order and afterwards under written warrant from the mayor, to be used as evidence before the grand jury, such action furnishes no ground for a rule.

February 20, 1883.

Municipal Corporations. Officers. Police. Criminal Law. Before Judge HILLYER. Fulton Superior Court. April Term, 1882.

Reported in the decision.

VAN EPPS, CALHOUN & KING, for plaintiff in error.

B. H. HILL, solicitor general; B. F. CARTER, for defendant.

JACKSON, Chief Justice.

The plaintiff in error ruled the defendant in the superior court for detaining certain tables which had been seized when the plaintiff in error was arrested by virtue of a warrant from the mayor of Atlanta to arrest him. Defendant in error was chief of police of the city of Atlanta.

1. We know of no law by which the chief of police of the city of Atlanta can be ruled by the superior court.

Kneeland *vs.* Connally.

There could, if there be no such law, be no error in discharging the rule.

2. When the defendant was arrested, the chief of police forcibly entered the room suspected to be used for gaming, and commonly known to be used as a gaming room, and seized faro and roulette tables therein, with other tools and implements used for gaming, and detained them to be used as evidence before the grand jury by verbal order, and afterwards written warrant, from the mayor. Subsequently, they were delivered up, and had been used for gaming in the same room.

Even if the chief of police had been subject to rule, it was properly discharged. The implements of crime should be detained as evidence, and seized to be so detained; and the house or room where gaming is carried on or suspected on common knowledge to be carried on, may be broken open to arrest the keeper and seize the tools of his trade on legal authority. Code, §4547. The warrant to seize the keeper of the unlawful house or room carries with it the power or legal authority to seize the implements of his crime, just as a warrant to arrest a man charged with murder would carry with it authority to seize the bloody knife or smoking pistol which killed, or a warrant to arrest a counterfeiter would include the legal seizure of his tools for counterfeiting. No separate warrant is necessary in either case.

But this plaintiff in error, it appears from the untraversed answer of the chief of police, has now the implements of his illegal avocation already in his possession, delivered to him after the seizure, and still carries on the criminal business with them. For what then is he ruling? What more does he want? What could he get by rule? What does he ask for except that which he has,—these unholy appliances of his dreadful avocation? In any view of the case, the rule should have been discharged. It should have been discharged long before it was; the very moment it appeared that the defendant to it was

chief of police, it should have been dismissed; because
the law gives no authority to the superior court to rule
that officer of the city at all.

Judgment affirmed.