## OWENS *et al. v.* WAY.

1. A municipal officer, who has arrested an alleged violator of a municipal ordinance, has no power, without other authority than the warrant against the accused, to take and carry away the property of a third person from the latter's premises on the ground that the property of such third person so seized may contain evidence to be used against the defendant in the warrant. Such a seizure is a violation of the constitutional guaranty against unreasonable searches and seizures, as contained in the Civil Code (1910), § 6372.

2. The person whose property is thus seized is entitled to the remedy of injunction to restrain the officers, who have taken into their possession

his property, from forcibly or otherwise effecting a threatened injury to the same, or interfering with his possession.

JUNE 11, 1914.

Injunction. Before Judge Conyers. Glynn superior court. February 4, 1914.

*J. T. Colson*, for plaintiffs in error. *A. D. Gale*, contra.

EVANS, P. J. The facts necessary to be stated for a decision of the question made by the record are as follows: H. L. Edwards formerly conducted a saloon for the sale of "near beer" in the City of Brunswick. He was convicted of selling intoxicating liquors therein, and, under the statute and by virtue of his conviction, his license became forfeited and he was disqualified from engaging in the business. The City of Brunswick granted a license to sell "near beer" to George S. Way in the same premises previously occupied by Edwards. Way was the nephew of Edwards. Edwards was the agent of a lighterage company and a transportation company, and kept his books in a safe located in Way's place of business. A warrant was issued against Edwards, charging him with violating the ordinance against keeping on hand intoxicating liquor for purposes of sale. He was arrested under this warrant by the police officers of the city, who also carried away an iron safe to police headquarters, taken from the premises where Way was conducting his business. There was no warrant against Way. Thereupon Way filed a petition to enjoin the police officers from opening the safe, forcibly or otherwise, as threatened, or from interfering with his possession of it. The police officers admitted that they had removed the safe from the place of business of Way to police headquarters, and justified their conduct on the ground that the safe, if opened, would show that it contained intoxicating liquor which they wished to use as evidence on the trial of Edwards. They submitted evidence to the effect that, not long before the arrest, a witness bought from a clerk of Way certain whisky, which was taken from the safe, and that the sale was made upon the express approval of Edwards, who was standing near by at the time the sale occurred. There was a conflict of evidence as to whether the safe belonged to Edwards or Way. The court granted the injunction as prayed, and the police officers excepted.

1. Inasmuch as the court granted an injunction, in the discussion of the case the facts will be taken as found by the court in con-

sonance with the judgment rendered. Accordingly, we will regard the safe as the property of Way; and the legal question relates to the authority of an officer, who arrests a defendant under a warrant charging the violation of a municipal ordinance, to take into possession the property of a third person on the assumption that such property contains incriminating evidence against the defendant in the warrant. The constitution of Georgia declares that the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue except upon probable cause supported by oath or affirmation, particularly describing the place or places to be searched and the person or things to be seized. Civil Code (1910), § 6372. It has always been recognized as within the authority of the arresting officer to search the person of the defendant and take therefrom any property which will be material as evidence of the crime charged in the warrant. A warrant to seize the keeper of a gambling-house carries with it the power or legal authority to seize the implements of his crime. *Kneeland* v. *Connally,* 70 *Ga.* 424. But the power of an arresting officer to take the property of the defendant, to be used as evidence of the crime charged against him in the warrant, is quite different from the taking of the property of third persons by virtue of no other process save that of the warrant against the accused. The constitutional protection against unreasonable seizure of property would go for naught if it should be conceded that an arresting officer may arbitrarily possess himself of the property of a third person, taken from the place of business of such third person, solely upon the ground that it may be used as evidence against the defendant in the warrant. We find no authority which extends the power of an arresting officer so far. And indeed, if one with a warrant for A, charging him with crime, may go into the house of B and take therefrom property belonging to B, without other authority than that it may be used as evidence on the trial of A, then the constitutional guaranty against unreasonable seizures would be mere idle words. A similar case to the one at bar was decided in Michigan, where it was held that the constitutional protection against unreasonable seizures is violated by entering a private inclosure and taking away from the possession of the owner, under order of court, a wrecked boiler, engine, and other material for use as exhibits in the prosecution of

another person for criminal negligence in causing an explosion of the boiler, resulting in the death of several persons. Newberry *v.* Carpenter, 107 Mich. 567 (65 N. W. 530, 31 L. R. A. 163, 61 Am. St. R. 346).

But it is contended that there was evidence authorizing an inference that intoxicating liquors were in the safe, and that it was necessary that the safe should be carried to police headquarters in order that it might be opened and the incriminating evidence taken therefrom. This contention carries with it the power of police officers to open the safe for the purpose of ascertaining whether intoxicating liquor in fact was contained therein, irrespective of the manner of effecting the entrance. If such a proposition be allowed, then it would follow that a police officer, who arrests a violator of a municipal ordinance under a municipal warrant, would have the power to enter the home of another citizen for the purpose of procuring property of such third person, which might be competent evidence bearing upon the guilt of the offender, and, if such third person refused a surrender of his property to be so used, then the police officer would have the right either to the exclusive possession of the home of such third person, or, without other authority, to break therein for the purpose of taking such property to be used as evidence upon the trial of the person under arrest. The bare statement of the proposition illustrates that such a seizure would be unreasonable, and a flagrant violation of the constitutional provision.

2. Furthermore it is said, that the plaintiff is not entitled to the remedy of injunction; that by appropriate action at law he could recover his property from those who have it in possession. The reply is, that there was evidence that the officers threatened to effect an entrance into the safe of the plaintiff, and the injunction was to prevent, not only interfering with the plaintiff's possession, but also any act of violence to his property while in possession of the defendants. *Judgment affirmed. All the Justices concur.*