## Toliver v. State.

(Division B.   Dec. 31, 1923.)

[98 South.   342.   No. 23419.]

ARREST.  *Criminal law.  Whisky found in automobile on lawful arrest of person riding therein admissible; what may be taken from person arrested for crime stated.*

An officer, making an arrest of a person charged with crime, may search such person, and take from him, such things as are connected with the crime for which he is arrested, or goods identifying the criminal, or weapons or other things that would aid the arrested person in making an escape, as such property as he may not under any circumstances lawfully possess.  Where a person, when lawfully arrested, is riding in an automobile, which is under his control, and which could be used in making an escape, should opportunity present itself to make escape, the officer may take charge of and search the automobile, and may seize whisky found therein, and, on trial for violation of the law relating to intoxicating liquors, evidence so found is admissible on such trial.

APPEAL from circuit court, of Quitman county.

HON. W. A. ALCORN, JR., judge.

J. E. Toliver was convicted of having in his possession more than one quart of intoxicating liquor, and he appeals. Affirmed.

*M. -E. Denton,* for appellant.

The only exception to this rule is that one legally arrested may be searched by the officer, but the right of search in these exceptional cases extends only to the finding and seizure of articles found on the person or in the personal baggage of a defendant, which may be used by him as a means of escape from arrest, or which are connected with the, crime for which the arrest is made, or which will serve to identify the criminal. *State of W. Va.* v. *Wills,* 24 A. L. R. 1398, 91 W. Va. 659, 114 S. E. 261; *Youmos* v. *State of Ky.,* 13 A. L. A. 1303, 189 Ky. 152, 224 S. W. 860; *State of N. J.* v. *Mausert,* L. R. A. 1916C, 1014, note 1017; *Getchell* v. *Page,* 18 L. R. A. (N. S.) 253, and note.

The court will find an interesting discussion of the question in the case of *Amos* v. *U. S.,* 255 U. S. 313, 65 L. Ed. 654, 41 Sup. Ct. Rep. 266, cited in the case of *State* v. *Wills,* on page 1408 of 24 A. L. R., and other numerous cases cited by the court.

It is a well-settled rule, that a defendant even in a bill of discovery, whether in aid of relief at law or equity, is not bound to discover anything which might

subject him to a criminal prosecution or degrade him.
4 Encyclopedia of Evidence, 708.

*S. C. Broom,* Assistant Attorney-General, for the state.

There are five assignments of error, but the theory of
the defense is based upon one proposition and that is
that it was an unlawful search because they had no
search warrant for the automobile, and therefore evi-
dence obtained by means of an unlawful search should
have been suppressed under the rule as stated in the
case of *Tucker* v. *State,* 90 So. 845, and other cases since
decided by this court adopting the rule as stated in the
Tucker case.

Our theory of the case is that the evidence obtained
on this occasion was admissible on either one or all three
of the following propositions:

1. No search warrant is required for an automobile,
and if it appear that the officer proceeded in good faith
in making the search, evidence obtained by searching an
automobile for intoxicating liquor without a search war-
rant is admissible on the trial of the case.

2. If the officer was armed with a legal warrant for
the arrest of the appellant and while executing this war-
rant found intoxicating liquor in the possession of the
appellant, he would be permitted to testify as to this fact
even though he had no search warrant.

3. Even though a search warrant had been required,
if the appellant testified in his own defense and admitted
all of the things which were proved by the officers mak-
ing the search, he thereby waived any constitutional right
he may have had in the premises.

Section 2088, Hemingway's Code, is the statute under
which we operate for searching for intoxicating liquor.
This section only provides for a search warrant for a
building or a particular room in the building. This stat-
ute became a law in 1908, long before the enactment of
the bone-dry law, but as none other was enacted after

the enactment of the bone-dry law, it was in effect re-enacted, because it was not repealed and none other was enacted in its place. Therefore in considering this section, we must bear in mind that at the time of its enactment intoxicating liquor under some circumstances had the characteristics of property rights. No liquor is contraband, and beyond the pale of the law and there is no property right in it.

We must assume that when the bone-dry law was enacted the legislature evidently considered section 2088 of Hemingway's Code and must have deemed it entirely sufficient for the subsequent progressive legislation enacted on the subject. At any rate, no statutory provision has ever been made for a search warrant to search for intoxicating liquors elsewhere than in a building or a particular room in the building, and there is no statutory requirement for a search warrant to search an automobile for intoxicating liquor.

Our court has not passed on this identical proposition, therefore we must look elsewhere for an authority on the subject, and we find one directly in point in the case of *Houck* v. *State,* 140 N. E. 112, where the supreme court of Ohio was called upon to consider the question of the validity of a seizure of liquors from an automobile without a search warrant. The language of the Ohio statute is identical with section 26 of the National Prohibition Act, and section 14 of article 1 of the Ohio Constitution is the same as the Fourth Amendment to the Constitution of the United States. The supreme court of Ohio held: "The Constitution does not forbid all searches and seizures, but, on the contrary, the inhibition is only against unreasonable searches and seizures. The purpose of the basic law is to guide legislative action, and the legislature having enacted sections 6312-43, General Code, and that section being clearly pertinent and authoritative to permit the marshal to search the automobile without a search warrant, if he was in possession of information and

acted honestly and in good faith in the belief that it contained liquors then being transported in violation of law, the only question remaining to be determined is whether or not that section is constitutional.''

We see that the test laid down by the Ohio court is that as long as the officer acts in good faith, and upon information which he believes to be true, he may lawfully search an automobile or other vehicle without first obtaining a search warrant therefor.

We think this is decisive in the present case; therefore on this, the first proposition of our theory of the defense, the evidence was admissible.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, and convicted of having in his possession more than one quart of spirituous and intoxicating liquor, and sentenced to pay a fine of one hundred dollars, and sixty days in jail, from which conviction he appeals here.   The facts are:   The sheriff had a warrant for the arrest of Toliver for the sale of a truck upon which there was a lien issued by a justice of the peace of Calhoun county, in which county Toliver formerly lived, and from which county he moved to Quitman county. The sheriff, also having information that Toliver was unlawfully possessed of or handling intoxicating liquor, procured a search warrant from the mayor of the town of Lambert to search Toliver's premises.   The deputy sheriff, having such warrants, accompanied by the town marshal of Marks, Miss., proceeded to the residence of Toliver, but not finding him at home did not search the house and premises under the search warrant so obtained, but was returning and met Toliver in the road on the plantation in which he lived, in an automobile accompanied by a negro, proceeding towards home, and the officer arrested Toliver upon the warrant, charging him with disposing of the truck, upon which there was a lien,

and removed him from his car, took possession of the car, and on examination found in the back of the car, in an open box in the rear of the car, a sack containing intoxicating liquors, one vessel containing one gallon, and two others containing a half gallon each. When the officer had located these intoxicating liquors, Toliver secured a piece of iron, and started to break the vessels containing the liquors, and did break two of them, when he was knocked down by one of the officers, and prevented from breaking the other. An affidavit had been made against Toliver for having possession of these intoxicating liquors, and on the trial the evidence above stated was offered and admitted over the objection and exceptions of the defendant. The evidence of the officers and the unbroken container with the liquor therein was the only evidence produced by the state.

It is insisted here that this evidence is not admissible, because it was taken by force from the appellant under the warrant under which he was arrested, and that the officers had no right under such warrant to search the car and seize the liquor, and that the evidence obtained by so doing was not admissible. Counsel for appellant in his brief says:

"It seems to be a general rule that an officer legally arresting an offender has a right to search his person and take money or goods connected with crime charged or goods identifying the criminal or weapon or things which would be helpful in an effort to escape; but the rule has never been extended any further than that; and of course the whisky did not fall within either category."

It will be noted from the statement of facts that the automobile seized was one in which the defendant was riding, and one which he had under his control at the time. The rule is, generally speaking, that an officer making the arrest has a right to search the defendant, and take from his possession any evidences of the crime for which he was arrested, or any property which he may not

lawfully possess, or take from his person anything which would aid him in making his escape.

We think the officer had a right under the facts stated to take charge of the automobile, both because he could not leave the automobile in the road where it was found without jeopardizing the property and its contents. We also think the automobile in which the appellant was riding would materially aid in his escape should an opportunity to escape present itself, and it was therefore lawful for the officers, under the circumstances stated, to take charge of the automobile, and to examine it, and to take charge of the contents, for the purpose of safe-keeping, such as might be lawful, until some disposition could be made of it, and to retain control of the automobile for such time as was necessary to prevent its being used in aid of his escape, should such opportunity present itself. The question of the right to search when a lawful arrest is made has been discussed in the following cases: *People* v. *Cona,* 180 Mich. 641, 147 N. W. 525; *Smith* v. *Jerome,* 47 Misc. Rep. 22, 93 N. Y. Supp. 22; *State* v. *Hassan,* 149 Iowa, 518, 128 N. W. 960; *State* v. *Mausert,* 88 N. J. Law, 286, 95 Atl. 991, L. R. A. 1916C, 1014; *Owens* v. *Way,* 141 Ga. 796, 82 S. E. 132, L. R. A. 1915E, 399. And the admissibility against the defendant of documents or articles taken from him was also discussed in the notes to 59 L. R. A. 467; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834, and notes.

We think the evidence was admissible, and the conviction must be affirmed.

           *Affirmed.*