## 23632.   SABLE *v.* THE STATE.

DECIDED DECEMBER 18, 1933.  REHEARING DENIED JANUARY 10, 1934. ·

*Aaron Kravitch,* for plaintiff in error.

*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.

GUERRY, J.  Only the first and fourth headnotes will be enlarged upon.  The defendant was tried and convicted on an accusation charging that he "did unlawfully keep, maintain, employ, and carry on a certain scheme or device, other than a lottery, for the hazarding of money, said scheme or device being known as and called 'clearing house.'"  The evidence disclosed that the defendant was occupying and in possession of a house in which was found the paraphernalia for the carrying on of the scheme of "clearing house," and that he admitted that "that is all the stuff I used, and it is all my stuff."  One of the witnesses for the State testified: "People playing it take three numbers, and I have noticed they play it from one cent, two cents, five cents, ten cents, twenty-five cents, or any amount, and they wait and get paid off for any amount they play for.  They have three numbers, and the winning numbers they take from the afternoon paper, from the report of the New York stock market, taking the total receipts of the day, for instance 3, 4, and 6 numbers, those then are the winning numbers of that day's work.  That is a gambling game."  A sales-record book was found, and the winning numbers shown in it corresponded each day with the total stock sales reported in the afternoon paper of that city.  Evidence showing how the game of clearing house was played was given in detail, and it was shown that it was a scheme for the hazarding of money.

The accusation in this case was drawn under section 398 of the Penal Code.  It is insisted by counsel for the defendant that the refusal by the court to charge that the word "keep" as used in the above section was synonymous with "maintain" and "carry on," and that possession of the paraphernalia used in carrying on a

"clearing house" was insufficient to sustain a conviction under the charge made, was error. In *Thomas* v. *State*, 118 *Ga.* 774 (45 S. E. 622), the court said: "As the statute makes penal the keeping, maintaining, or carrying on such a device, it was sufficient to show the keeping or maintenance of such a scheme, without going further and proving an actual drawing. While the indictment charged·the defendant with doing each of the prohibited acts, proof that he was guilty of any one would be sufficient to warrant his conviction." In *Bryan* v. *State*, 120 *Ga.* 201 (47 S. E. 574), Lamar, J., said: "The words 'keep' and 'maintain' are frequently used as synonymous; but if under Penal Code, § 398, the offense may be committed by keeping or maintaining, or by keeping and maintaining, proof that he has been guilty of either of the prohibited acts would sustain a charge that he had kept and maintained." The court did not err in refusing the requests to charge, as they were contrary to what was ruled in the *Thomas* case, supra.

■ Evidence introduced on the part of the State as to the manner in which the game of "clearing house" was operated was objected to on the ground that it was hearsay, the witnesses themselves disclaiming any actual experience, but gaining their information from others. This court is unwilling to hold that all information not gained at first hand is hearsay. We have no first-hand knowledge, from participation therein, of the game sometimes indulged in by our colored brethren known as "skin;" yet we would be able to testify as to its operation. All knowledge is in one sense hearsay; and yet the testifying to such facts as knowledge gained, either by experience or from others, does not make them hearsay and, as such, inadmissible as evidence. Particular conversations repeated are in most instances hearsay as to a defendant, unless made in his presence. However, general facts do not become hearsay because their existence is discovered through hearing them from others. The evidence amply supports the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*