### 25812. KEENEY *v.* THE STATE.

DECIDED SEPTEMBER 16, 1936.

*George G. Finch, William G. McRae,* for plaintiff in error.
*W. Inman Curry, solicitor,* contra.

GUERRY, J. W. E. Keeney was convicted in the city court of Richmond County on an accusation charging the offense of carrying on a lottery. The accusation contained two counts. Count one charged that the defendant did "keep, maintain, employ, and carry on a lottery, and did operate for gain a machine or mechanical device whereby a coin of five-cent denomination was inserted in said machine and a lever pulled, which caused certain wheels to revolve, and the player or person inserting into the machine the five-cents coin would on some occasions receive nothing and on other occasions one or more tokens of the value of five cents each, which said tokens could be used in replaying said machine or device, or could be exchanged for merchandise of the value of said token or tokens." Count two charged the defendant with carrying on a lottery by the operation of a machine of similar description as contained in count one, and that the "player or person inserting into the machine the five-cents coin would at his or her option receive a package of mints, and on some occasions one or more tokens of the value of five cents each, which said tokens could be used in replaying said machine or device or could be exchanged for merchandise of the value of said token or tokens." The operation of the machines was proved as alleged in the accusation.

However, the evidence of the defendant disclosed that before the operation of these machines he had registered with the ordinary of Richmond County for the conduct of the business of operating such machines, and had paid the required license tax imposed by paragraph 47-A of the general tax act of 1935 (Ga. L. 1935, pp. 11, 33) and had also paid the license tax as the operator or owner of a mint or merchandise check-vending, machine in accordance with the same act, par. 71(e). The defendant contends that because of these facts he can not be prosecuted for the operation of these machines. Paragraph 47-A of the act just cited is as follows: "Devices, Cane-Racks, Shooting Galleries, Machine Games, etc. Upon each person, firm, or corporation operating for gain any shooting gallery, or target range, or both, where firearms are used for firing at a target or targets; and upon each person, firm, or corporation operating for gain any table, stand, machine, or place for mechanical games not prohibited by law, and/or any rack or boots or devices for pitching or throwing at canes, knives, articles, or other things of value, with rings or balls or other method; and upon each person, firm, or corporation operating for gain any machine or mechanical device for play or for distribution of prizes or tokens, on each such device, machine, or other arrangement, independent of or in connection with any other place of business, the sum of $50." Paragraph 71-E is as follows: "Upon each owner of mint and merchandise check-vending machines, $25 for each machine, where set up, used, or operated."

To begin, there can be no doubt that the machines set out in the accusation (which were proved to have been operated by the defendant) and their method of operation constitute a lottery which is prohibited, under penalty of fine and imprisonment, by the Code, § 26-6502, which is as follows: "Any person who, by himself or another, shall keep, maintain, employ, or carry on any lottery or other scheme or device for the hazarding of any money or valuable thing, shall be guilty of a misdemeanor." Therefore, in order that the defendant be immune from the provisions of the above section for the operation of such machines, it must be said that the General Assembly by the general tax act of 1935, by implication, repealed so much of that section which prohibited the operation of such machines. Repeals by implication are not favored by the law. *Central of Georgia Ry. Co.* v. *Leonard*, 49 *Ga. App.* 689, 698

(176 S. E. 137), and cit. In the general tax act of 1935, under par. 47-A, in licensing devices, machine games, etc., it was expressly provided that only such devices or games were licensed as were "not prohibited by law." It is clear to this court that the legislature did not by this general tax act have any intention of repealing the lottery laws of general force in this State. The Supreme Court, in *Miller* v. *Shropshire,* 124 *Ga.* 829 (53 S. E. 335, 4 Ann. Cas. 574), quoted with seeming approval decisions from other States, wherein it was said that the licensing by a State of an act made criminal by statute exempts one who pays the tax from criminal prosecution. This opinion was concurred in by four Justices. However, we do not think that case controlling authority here; for we do not think the language of the act, places a tax on a machine which *is operated in the manner set out in the indictment.* In *State* v. *Doon, R. M. Charlton Reports,* 1, it is said: "The use of a faro-table for the purpose of gambling, that is to say, for the purpose of winning and losing money, is not rendered lawful by the tax imposed on the instrument. The instrument so taxed may be lawfully used for innocent purposes, as in the case of a billiard-table which is similarly taxed." The tax imposed on the game or device is for the purpose of raising revenue. When such game or device so licensed is used in a manner which constitutes it a lottery, the fact that its operation is licensed will not be construed to mean that it was intended to allow it to be operated as a lottery in violation of the criminal statutes of this State. The court did not err in overruling the motion in arrest of judgment, or the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*