26703. BROWN *v.* THE STATE.

DECIDED APRIL 26, 1938.

*Lewis A. Mills,* for plaintiff in error.

*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.

BROYLES, C. J. The accused was convicted of keeping, maintaining, and carrying on "a certain scheme and device, other than a lottery, for the hazarding of money, said scheme and device being known as, and called, 'boledo.'"

1. Special grounds 1, 2, and 3 of the motion for new trial set forth certain testimony of a witness for the prosecution, describing the manner in which the game of "boledo" was operated. The evidence was objected to on the ground that it was irrelevant and immaterial, opinionative, and hearsay, since the witness disclaimed any personal knowledge of the defendant's operating a gambling game. Under the ruling in *Sable* v. *State,* 48 *Ga. App.* 174 (4), 176 (4) (172 S. E. 236), the evidence was admissible.

2. Ground 3 of the motion also complains that the court refused to allow the defendant to introduce evidence showing that many drug-stores and cigar-stores in Savannah were openly operating gambling games at the time the case was made against the defendant. Obviously the evidence was irrelevant and was properly rejected.

3. "Under the Penal Code, § 398 [1933, § 26-6502], it is not necessary that a person keep, maintain, *and* carry on any lottery or other scheme or device for the hazarding of money, to be guilty of the offense described in that section; but it is sufficient if he is guilty of any of the three acts, that is, 'keeping,' 'maintaining,' or 'carrying on' such lottery, scheme or device." *Sable* v. *State,* supra. In view of this ruling, the charge of the court excepted to in ground 5 was without error for any reason assigned.

4. The remaining special ground is without merit. The verdict was authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*