ELDER *v.* CAMP, sheriff, *et al.*

No. 13872.   JANUARY 15, 1942.

*G. A. Johns,* for plaintiff in error.

*Hope D. Stark, solicitor-general,* and *Joe Quillian,* contra.

JENKINS, Justice. ■ The grounds of disqualification of a judge, set forth in the Code, § 24-102, "are exhaustive," and do not include alleged prejudice or bias that is not based on a pecuniary or relationship interest. *Moore* v. *Dugas,* 166 *Ga.* 493 (143 S. E. 591), and cit.; *Riner* v. *Flanders,* 173 *Ga.* 43 (4), 45 (159 S. E. 693), and cit. The only ground in the motion to disqualify the judge being that his decision at the interlocutory hearing would depend on the "legality and constitutionality" of his own previous order, which the movant attacked, and which the judge "will necessarily have to construe," and it is "manifestly improbable" that one who framed such order "could be free from a prejudice in favor of the order and . . from a legal bias in favor of its validity and constitutionality," the judge did not err in overruling the motion and in declining to have another judge pass upon the case.

■ "Any person who, by himself or another, shall keep, maintain, employ, or carry on any lottery or other scheme or device for the hazarding of any money or valuable thing, shall be guilty of a misdemeanor." Code, § 26-6502. An apparatus known as a "slot machine," by which a person depositing money therein may, by chance, get directly or indirectly money or articles of value worth either more or less than the money deposited, falls within the purview of this section, and can not be treated as one kept only for amusement. *Meyer* v. *State,* 112 *Ga.* 20 (37 S. E. 96, 51 L. R. A. 496, 81 Am. St. R. 17) ; *Jenner* v. *State,* 173 *Ga.* 86 (159 S. E. 564) ; *Kolshorn* v. *State,* 97 *Ga.* 343 (23 S. E. 829) ; *Brockett* v. *State,* 33 *Ga. App.* 57, 59 (125 S. E. 513) ; *Alexander* v. *Atlanta,* 13 *Ga. App.* 354 (79 S. E. 177). See 24 Am. Jur. 422, § 35, and cit.; 38 A. L. R. 73; 81 A. L. R. 177, and notes. Under the quoted terms of the statute, it is made unlawful merely to "keep" such a "device for the hazarding of any money," and it is not necessary to show a further violation by maintaining, employing, or carrying on such a "scheme or device" by active operation. *Thomas* v. *State,* 118 *Ga.* 774 (1, 3), 775 (45 S. E. 622.) ; *Sable* v. *State,* 48 *Ga. App.* 174, 176 (172 S. E. 236) ; *Brown* v. *State,* 57 *Ga. App.* 838 (3) (197 S. E. 77). The keeping of a "slot machine" of the character described being unlawful, ordinarily and prima facie.

where an owner or operator is found in possession of such a machine, the apparatus is contraband. *Chappell* v. *Stapleton, 58 Ga. App.* 138 (198 S. E. 109). See, in this connection, Sentell *v.* R. Co., 166 U. S. 698, 705 (41 L. ed. 1169) ; *Kneeland* v. *Connally,* 70 *Ga.* 424 (2) ; *Owens* v. *May,* 141 *Ga.* 796, 798 (82 S. E. 132, L. R. A. 1915E, 399, Ann. Cas. 1915C, 963) ; State *v.* Robbins, 124 Ind. 308 (24 N. E. 978, 8 L. R. A. 438) ; State ex rel. Daniel *v.* Kizer, 164 S. C. 383 (162 S. E. 444, 81 A. L. R. 722, 730. Notes in 17 A. L. R. 568, 50 A. L. R. 97; 24 Am. Jur. 437, § 57; 27 C. J. 1044-1046, §§ 258, 259; and cit.

■  The fact that par. 47A of the general tax act (Ga. L. 1935, pp. 11, 33) imposes a license tax on persons "operating for gain any  .  .  machine, or place for mechanical games," and on "any machine or mechanical device for play or distribution of prizes or tokens," does not legalize or exempt from confiscation a "slot machine" such as described, since the act not only imports but expressly limits its scope to such machines as are *"not prohibited by law." Keeney* v. *State,* 54 *Ga. App.* 239, 240 (187 S. E. 592).

■  While the fourth amendment to the Federal constitution (Code, § 1-804), affirming the right of the people to be secure "against unreasonable searches and seizures," except upon warrant issued on probable cause and supported by oath or affirmation, with a particular description of the place to be searched and the things to be seized, applies to Federal and not to State procedure *(McIntyre* v. *State,* 190 *Ga.* 872 (2), 876, 11 S. E. 2d, 5), and United States Supreme Court decisions there cited), par. 16 of art. 1 of the State constitution (Code, § 2-116) contains a similar provision. This protection, however, will not prevent a seizure and confiscation by a proper legal officer of "slot machines" such as described, for evidence or destruction, where such machines are found unlawfully kept by a person, and where their seizure does not involve a search of private premises.

■  Besides the particular duties of a sheriff, imposed by the Code, § 24-2813, he is required "to perform such other duties as are or may be imposed by law, or which necessarily appertain to his office." "The office of sheriff carries with it, in America, all of its common-law duties and powers, except as modified by statute. .  .  Sheriffs are given power, and it is made their duty, to preserve the peace." 24 R. C. L. 916, § 6. In exercising these duties

and powers and acting as "a conservator of the peace within his county," a sheriff has the right and duty to "enforce the laws enacted for the protection of the lives, persons, property, health, and morals of the people" (57 C. J. 779, § 135, and cit.), provided that in so doing he shall not violate the constitutional right of the people against unlawful searches and seizures, or commit a trespass against their persons or property. Similarly, "an arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Code, § 27-207.

Under the preceding rulings, since a sheriff has general duties as stated, and since, like other police officers or private persons (Code, § 27-211), he has the power to arrest an offender without a warrant "if the offense is committed in his presence," likewise the sheriff may seize the unlawfully kept property without a warrant for search, seizure, or arrest of the offender, where the sheriff lawfully enters a place of business, open to himself as well as other members of the public under an implied invitation to enter, and finds in such place of business "slot machines" of the character described, illegally kept by the owner or operator of such place of business. See *Kneeland* v. *Connally*, 70 *Ga.* 424 (2) ; *Chappell* v. *Stapleton*, 58 *Ga. App.* 138 (198 S. E. 109). But these powers of a sheriff would not extend his authority to a search of what are actually private premises of the owner, to find slot machines, in the absence of a warrant.

■ In the instant petition by a sheriff and intervention by the solicitor-general for the State, against the owner of ten slot machines and against others, including a justice of the peace, for an injunction and writ of prohibition against possessory-warrant proceedings by the owner in the justice's court, to recover the machines from the sheriff, it was alleged in the petition and shown at the interlocutory hearing, that, before the seizure of the machines by the sheriff, the judge of the superior court had issued an order directing the sheriff, lawful constables, and police officers of the county, to investigate "any place of business" having or suspected of having "slot machines or other gaming devices, . . and where same are found, to seize same with the contents thereof, and

hold the same until the further order of the court." The sheriff and accompanying officers made their investigation and seizure under this order. However, under the preceding rulings, the sheriff having powers and duties authorizing him to do what was done in the "place of business" of the owner, either with or without the order, and the order in no wise purporting to direct any general or unconstitutional search of what are actually private premises, the *order* was not unconstitutional and void, and the acts of the sheriff with respect to the "place of business" of the owner were not rendered illegal by the terms of the order, even though the sheriff might have gone beyond such terms by searching private property, which was not open to the general public, but which, as here appears, constituted a part of the same building used in connection with the place of public business. Under the preceding rulings, the petition by the sheriff and the intervention by the solicitor-general were not subject to general demurrer as failing to state a cause of action. Nor was the petition subject to special demurrer because the alleged unlawfully kept slot machines were not more particularly described, and their "manner of operation" was not alleged. *Kolshorn* v. *State,* supra.

There was evidence for the State and the sheriff, that all of the ten machines taken by him were "just ordinary slot machines in which if a piece of coin or slug is placed, you get something, either money or commodities, and sometimes nothing;" that just before the seizure, when the officers operated some of the machines, they received no commodity and only one returned money; and that when the machines were tested at the interlocutory hearing by inserting coins in two of them, "nothing came out of the machines." While it appears that some undisclosed portion of the slot machines was seized by the sheriff in the place of business open to the general public and constituting part of the building where the owner resided, and that the other portion of the slot machines was seized in the part of the building to which the general public did not have access as a public place of business, the judge was authorized to find that those found in the residence part of the building were also kept for an illegal use in connection with those in active use in the public part of the premises. However, regardless of the place of seizure, it is nevertheless the rule that "the courts will not lend their aid to a suitor seeking to regain pos-

session of implements of crime, designed for no other purpose than the violation of law or the injuring of the morals of the people." Where a sheriff finds articles kept for the purpose of gambling, an action of trover by the owner against the sheriff for their recovery will not lie, since "courts are created for the upholding of the law and of morals, and will therefore decline to allow their processes used to further the maintenance of crimes and public evils," by assisting or protecting such an owner in recovering his implements of crime or illegal paraphernalia. *Robertson* v. *Porter*, 1 *Ga. App.* 223, 228 (57 S. E. 993), and cit.; *Harris* v. *Barfield Music House*, 18 *Ga. App.* 444 (89 S. E. 592), and cit.; *Barfield Music House* v. *Harris*, 20 *Ga. App.* 42 (92 S. E. 402). Accordingly, the writ of prohibition and injunction against the possessory-warrant proceedings by the owner, for the recovery of the illegal instrumentalities thus seized, was properly granted; and it is unnecessary for this court to decide, under the particular facts of this case, as to whether or not the seizure of that portion of the machines located in the privately used part of the premises, immediately adjoining and used in connection with the the public place of business, constituted a trespass. *Judgment affirmed. All the Justices concur.*