Edgar MOORE, alias Joe Louis, Appellant,

v.

UNITED STATES of America, Appellee.

No. 24862.

United States Court of Appeals Fifth Circuit.

May 2, 1968.

Rehearing Denied May 30, 1968.

Ralph L. Crawford, Savannah, Ga., for appellant.

Donald H. Fraser, U. S. Atty., Bruce B. Greene, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

All the issues on this appeal may be disposed of briefly.

Allegedly hearsay testimony of the witness Hattie Mae Austin was not hearsay except for a brief statement that her husband had told her the defendant would let him have money if the defendant had it; the statement was volunteered, not responsive to the question, and like the rest of the testimony of this witness said to be hearsay was not objected to.

■ The court properly declined to allow a witness' veracity to be attacked by evidence that she had illegitimate children. The court did not err in refusing to allow a recess for defense counsel to read a written statement of a witness produced pursuant to the Jencks Act, since counsel was allowed to examine the statement during recess for lunch and with the right to recall the witness after the recess if he desired. The testimony of FBI agent Gooding was general background on the mechanics of how the numbers game operates and did not implicate the defendant. His competency to testify to this background data was not challenged, and was established through the fact that he had twenty years experience with the FBI and had done considerable investigative work on lottery operations including one year devoted almost exclusively thereto. His testimony was not subject to the objection that part of his knowledge of how a lottery operates had been acquired through what others told him and was therefore hearsay. See 2 Wharton, Criminal Evidence § 544 (12th ed. 1955); Annot., 100 A.L.R.2d 1433 (1965). See also Sable v. State, 48 Ga.App. 174, 172 S.E. 236 (1933). The comment on the evidence made by the trial judge was within his discretion.

■ In charging on the applicable Georgia statutes and the federal statute under which defendant was indicted [1] the trial judge first read the Georgia statutes then before reading the federal statute said, "Now, some of the attorneys argued that that didn't reach far enough, so the Government then passed this law, the Senate, your own Russell and Talmadge —I think they were in there at that time, 1962, yes, they aided in the passage of this law." This was objected to outside the presence of the jury, and the trial judge pointed out that defense counsel had described the bill as a Kennedy administration bill [in his opening statement counsel had said that the bill had been "passed at the instance of Bobby Kennedy when he was Attorney General."]

The court's remarks were not sufficiently prejudicial, if prejudicial at all, as to require reversal.

We have considered all other points raised by appellant and find them to be without merit.

Affirmed.

---

1. The indictment for violation of 18 U.S. C.A. § 1952 charged interstate use of a telephone system to carry on a lottery in violation of the laws of Georgia.