UNITED STATES

v.

**Davy DUTY, 381 58 8727, Operations Specialist Second Class (E–5), U.S. Naval Reserve.**

**NMCM 82 4069.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 19 March 1982.

Decided 29 July 1983.

MAJ Joseph M. Poirier, USMC, Appellate Defense Counsel.

LCDR Craig A. Biegel, JAGC, USNR, Appellate Government Counsel.

LT Steven P. Benson, JAGC, USNR, Appellate Government Counsel.

Before EOFF, Chief Judge, and GORMLEY and MIELCZARSKI, JJ.

MIELCZARSKI, Judge:

Appellant was tried by general court-martial, which included enlisted members, for a single charge with nine specifications alleging three instances each of possession, transfer, and sale of marijuana in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C.A. § 892. He pleaded not

guilty and the court-martial returned mixed findings of guilty to possession, transfer, and sale of marijuana involving a single instance and not guilty to the remaining specifications. The adjudged sentence included confinement at hard labor for 6 months, forfeiture of $275.00 pay per month for 6 months, reduction to pay grade E–1, and a bad conduct discharge. The convening authority reduced confinement at hard labor to 5 months but otherwise approved the findings and sentence.

Appellant has assigned three errors for this Court's consideration, but only one merits comment. We find no error prejudicial to the appellant and affirm.

THE APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO CONFRONT AND FULLY CROSS-EXAMINE THE KEY GOVERNMENT WITNESS.

The chief prosecution witness was Seaman W, a female sailor. Seaman W testified that she purchased marijuana from the appellant on 12 June, 2 September, and 25 September 1981 while working as a confidential informant for the Naval Investigative Service (NIS). She worked under the supervision of NIS Agent B who supplied funds used to make the drug purchases; Seaman W returned to Agent B the contraband obtained from appellant. Although she admitted that she had reluctantly taken reward and expense money for her services to NIS, Seaman W explained that she worked for NIS because she liked law enforcement, not for the money.

On cross-examination the defense began to question Seaman W about whether she smoked marijuana, and the prosecution objected on the grounds of relevance. An Article 39(a), 10 U.S.C. § 839(a) session followed during which the defense explained that it intended to impeach Seaman W by demonstrating that she:

(1) smoked marijuana herself,

(2) misrepresented that she was purchasing marijuana for her boyfriend, and therefore lied to the seller,

(3) had posed nude for a series of pornographic photographs, which were marked as an exhibit, and

(4) had engaged in promiscuous sexual relationships and was, in fact, working as an NIS informant to obtain sex partners.

The defense contended that this collective impeachment evidence was admissible under Rule 608(b) and (c) of the Military Rules of Evidence to show Seaman W misrepresented her testimony and motive for being an NIS informant. The specific claim was Seaman W was a corrupt person who agreed to work for NIS as a confidential informant as a cover to obtain sex partners and marijuana for personal use and not because she liked law enforcement work as she testified.

After considering the exhibits, the military judge stated that the photographs had no bearing on the witness' credibility and in his opinion the defense was simply trying to slander the witness. He then ruled that he would not accept the photographs in evidence and would not allow questions about Seaman W's sex life unless the defense made an offer of proof which in some way tied in the evidence to a personal bias or prejudice against the appellant. The court-martial recessed overnight after which the defense announced it had no offer of proof.

Subsequently, the defense mounted an attack on Seaman W's credibility by attempting to establish: her acceptance of reward money from NIS, her personal use of marijuana, opinion and reputation evidence of her character for untruthfulness, inconsistent prior testimony at the Article 32 investigation hearing, contradiction of her testimony by evidence of an alibi for appellant as to 2 September, and testimony of the appellant denying all the alleged criminal acts. This attack on Seaman W's credibility no doubt contributed to appellant's acquittal of the six specifications covering all alleged misconduct on 12 June and 2 September. The remaining three specifications related to events on 25 September, and Seaman W's testimony was corroborated by the testimony of Agent B, who

testified that he observed the transaction from his automobile.

Appellant correctly notes that there is a constitutional right to cross-examination, *Smith v. Illinois,* 390 U.S. 129, 131, 88 S.Ct. 748, 749–50, 19 L.Ed.2d 956 (1968), and that wide latitude is given to cross-examination of key Government witnesses. *United States v. Uramoto,* 638 F.2d 84, 87 (9th Cir.1980). This right, however, is not unfettered; the scope of cross-examination allowed with regard to particular lines of inquiry is within the sound discretion of the court and is not disturbed unless there is an abuse of discretion. *Alford v. United States,* 282 U.S. 687, 694, 51 S.Ct. 218, 220, 75 L.Ed. 624 (1931). The discretionary power to restrict cross-examination includes authority to protect a witness from questions which go beyond the bounds of proper cross-examination merely to harass, annoy, or humiliate a witness. *Alford v. United States, supra; United States v. Bright,* 630 F.2d 804 (5th Cir.1980); *United States v. Marchesani,* 457 F.2d 1291 (6th Cir.1972).

The Military Rules of Evidence mirroring the Federal Rules of Evidence have codified this broad grant of discretion reposed in the trial judge. *See* Mil.R.Evid. 403, 608, 609, and 611. In general, Rule 611(a) charges the military judge with exercising reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth, to avoid needless consumption of time, and to protect witnesses from harassment or undue embarrassment. Similarly, under Rule 403, the military judge may exclude evidence, even if relevant, if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Rule 608(b) permits the court in its discretion to allow impeachment of a witness by cross-examination concerning specific acts of conduct not resulting in conviction if the conduct relates to the witness' character for truthfulness or untruthfulness.

In the instant case, we find no abuse of discretion in the military judge's decision to exclude the photographs of the witness and to preclude cross-examination of the witness concerning her general sexual behavior. Fornication is no more a barometer of untruthfulness than celibacy is an indicator of truthfulness, and it is probable that at least as many lies have been uttered by persons fully clothed as by those who were nude. We therefore hold that neither posing nude for photographs nor engaging in an active sex life is an act of corruption which is probative of a propensity for truthfulness or untruthfulness. *United States v. Brown,* 13 U.S.C.M.A. 485, 33 C.M.R. 17 (1963); *United States v. Jacobs,* 9 M.J. 794 (N.C.M.R.1980); *United States v. Barcomb,* 3 C.M.R. 623 (A.F.B.R. 1952); *United States v. Marchesani, supra; United States v. Colyer,* 571 F.2d 941 (5th Cir.), *rehearing denied* 576 F.2d 1249, *cert. denied* 439 U.S. 933, 99 S.Ct. 325, 58 L.Ed.2d 328 (1978); *United States v. Alvarado,* 519 F.2d 1133 (5th Cir.1975), *cert. denied* 424 U.S. 911, 96 S.Ct. 1107, 47 L.Ed.2d 315 (1976); *Moore v. United States,* 394 F.2d 818 (5th Cir.1968), *cert. denied* 393 U.S. 1030, 89 S.Ct. 641, 21 L.Ed.2d 573 (1969). Furthermore, the photographs were properly excluded as extrinsic evidence of a specific act of misconduct of the witness. Mil.R. Evid. 608(b); *United States v. Banker,* 15 M.J. 207 (C.M.A.1983); *United States v. Estell,* 539 F.2d 697 (10th Cir.1976).

The excluded evidence was potentially admissible under Rule 608(c) to impeach Seaman W by establishing her bias, prejudice, or motive to misrepresent her testimony. *United States v. Nuccio,* 373 F.2d 168 (2d Cir.1967). The military judge, however, did not abuse his discretion in requiring, as a precondition to use of the evidence before the court members, an offer of proof from the defense that tied in the photographs or Seaman W's sexual behavior with a theory of bias or prejudice against the appellant or a motive for Seaman W to misrepresent her testimony concerning the appellant. Any

prejudice or bias against one other than the appellant was entirely irrelevant to the trial. *United States v. Jacobs, supra; United States v. Nogueira,* 585 F.2d 23 (1st Cir. 1978). In the absence of a demonstrated nexus with the appellant, the excluded evidence only tended to confuse the issue before the court-martial, which was whether Seaman W was truthful in her testimony that appellant had sold marijuana to her at the times and places alleged. The procedure employed by the military judge clearly served to protect the court members from an irrelevant distraction, wasteful of their time, which was not probative of any issue before them. It was appellant who was on trial, not Seaman W. Exposing her as a woman who permitted herself to be photographed while naked and who was not a virgin tended only to needlessly embarrass the witness.

We are convinced beyond a reasonable doubt that the evidence establishes appellant's guilt and that a bad conduct discharge is appropriate for this appellant. Accordingly, the findings and sentence as approved on review below are affirmed.

Chief Judge EOFF and Judge GORMLEY concur.