## A95A2605. MAYO v. FULTON COUNTY et al.

(470 SE2d 258)

Pope, Presiding Judge.

Fulton County Sheriff Jacqueline Barrett terminated Deputy Sheriff Melvin Mayo after Mayo tested positive for cocaine during a random drug test. Mayo appealed to the Fulton County Personnel Board, which upheld the termination. We granted Mayo's application for discretionary appeal following the Fulton County Superior Court's affirmance of the Board's decision. Concluding that the superior court did not err, we affirm.

1. Mayo contends that the superior court erred in finding that Barrett had the authority to promulgate the random drug testing program. He does not argue that the random drug test was unconstitutional, but rather that it constituted a personnel regulation, and as such, had to be approved by the Board, the County Manager and the County Commissioners pursuant to the Fulton County Civil Service Act (Civil Service Act). See Ga. L. 1982, pp. 4896-4909. Mayo contends that without the approval of these three entities, the drug testing program was invalid, and that the results of his test cannot be used against him. We find no merit to this contention.

Sheriff Barrett is a duly elected, constitutional officer. See Ga. Const. of 1983, Art. IX, Sec. I, Par. III (a). Her statutory duties are defined in OCGA § 15-16-10, and include those duties which "necessarily appertain to . . . her office. . . ." These duties include the duty to protect the lives, persons, property, health and morals of the people. *Elder v. Camp*, 193 Ga. 320 (18 SE2d 622) (1942). They also include the duty to provide for the protection and well being of those inmates in her custodial care. In order to fulfill her duties, Barrett must have the inherent authority to implement certain public safety policies. One such public safety policy is the random drug screening of personnel who are authorized to carry weapons. Clearly Barrett has a compelling reason for randomly testing these employees because drug use by them undermines public confidence in the integrity of the Sheriff's Office and poses a danger to fellow employees, inmates and the public at large. See *City of East Point v. Smith*, 258 Ga. 111, 113 (365 SE2d 432) (1988); *Nat. Treasury Employees Union v. Von Raab*, 816 F2d 170, 178 (5th Cir. 1987). Accordingly, the superior court did not err in finding that Barrett was authorized to promulgate and implement the drug testing policy in question.

Even if we concluded that Barrett lacked the inherent authority to promulgate and implement a drug testing policy, she was nevertheless authorized to promulgate and implement such a policy in accordance with the Fulton County Personnel Regulations, which were enacted pursuant to the Civil Service Act. While those regulations do not expressly provide for the random drug testing of employees, the

regulations do authorize "Appointing Authorities" to institute policies. An "Appointing Authority" or "Department Head" is defined as "the person or persons authorized by law or delegated authority to make appointments to fill positions and who is the executive head of a department directly responsible for formulating and executing policies with discretion as to actions." Fulton County Personnel Reg. PR 1900 (4). Because Barrett clearly falls within the definition set forth above, she is authorized to formulate and execute policies in accordance with the Fulton County Personnel Regulations.

The regulations specifically forbid employees from "[r]eporting for duty or being on duty while using or under the influence of intoxicating liquors or drugs." Fulton County Personnel Reg. PR 1800-2, Art. 5 (A). As an authorizing authority, Barrett therefore could promulgate and implement a drug screening policy as a means of enforcing this specific prohibition. Thus, her promulgation and implementation of a random drug testing policy was authorized by and in accordance with the Fulton County Personnel Regulations.

We reject Mayo's contention that this case is governed by the Georgia Supreme Court's holding in *Dept. of Corrections v. Colbert*, 260 Ga. 255 (391 SE2d 759) (1990). That case is distinguishable from the case at bar. Unlike Barrett, the Warden of the Georgia State Prison in *Colbert* did not have the inherent authority that Barrett has as a duly elected, constitutional officer. The Warden's authority was derived solely from the Board of Corrections. And unlike the Fulton County Personnel Regulations, there is no indication that the rules promulgated by the Board of Corrections expressly addressed or prohibited drug use by employees. Moreover, unlike the Department of Correction Rules, the Fulton County Personnel Regulations do not limit a department head's authority to simply directing and managing employees, but instead give department heads the authority to formulate and execute policies with discretion as to actions.

2. We also reject Mayo's contention that the trial court erred in finding that Mayo had received adequate notice of the random drug testing policy. The record demonstrates that Barrett issued two memos to all employees advising them of implementation of the policy. In the second of these memos, Barrett specifically advised all sworn employees whose duties required the use of firearms, that dismissal was mandatory if they tested positive for drugs as set forth in Personnel Regulation PR 1800-2, Art. 5. Mayo admitted during his hearing before the Board that he had received these two memos. Therefore, we conclude that he had adequate notice of the random drug test policy.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 8, 1996 —
RECONSIDERATION DENIED MARCH 26, 1996.

*Marcia E. Fishman, Brenda A. Raspberry*, for appellant.
*Paula A. Morgan*, for appellees.