BENJAMIN O. KEATON, plaintiff in error, vs. ARCHIBALD McDONALD, defendant in error.

A Justice of the Inferior Court has not the right to issue a distress warrant for rent, under the Act of 1811.

Distress warrant, from Dougherty county. Decided by Judge ALLEN, December Term, 1857.

A distress warrant was issued by Jackson, a Justice of the Inferior Court of Dougherty county, in favor of Benjamin O. Keaton against Archibald McDonald, for rent. This warrant the Sheriff executed by levying, in part, on a lot of land.

On the 12th of April, 1856, McDonald moved the Superior Court that the distress warrant might be dismissed, on the following grounds:

1st. Because the same was issued by a Justice of the Inferior Court who, by law, was not authorized to do so.

2d. That the same was levied upon land.

This motion was sustained by the Court on the first ground, and also on the second ground, so far as the land was concerned.

To this decision of the Superior Court Keaton excepted.

HINES & HOBBS, for plaintiff in error.

VASON & DAVIS, contra.

Mayo vs. Kersey.

*By the Court.*—BENNING, J. delivering the opinion.

The right to issue such a warrant as this depends solely upon the Act of 1811, " to regulate the collection of rent." Before that Act, no Judge, or Justice of the Peace, or Court, had the right. The right, then, that exists, is just such as the Act creates,—neither more nor less. The Act says, that the warrant is to be obtained from "any Justice of the Peace within the district where" the tenant resides; and it does not say, that the warrant is to be obtained from any one else. It must follow, then, that the Act does not confer the right upon any Justice of the Inferior Court. *Cobb Dig.* 900; 15 *Ga.* 113.

The remedy provided by the Act is a summary one. 7 *Ga. R.* 52.

Even when thus restricted, the remedy is a very extensive one,—so extensive that it will hardly be possible for a case to arise. that will not be within it.

We think, therefore, that the Court below did right in dismissing the warrant upon the first ground of the motion.

It is unnecessary to express an opinion on the second ground.

Judgment affirmed.