334, 335.   WOOLSEY *et al.* v. LAWSHE, and *vice versa.*

1. The jurisdiction of a city court is limited, and is restricted to the powers expressly conferred by the act creating such a court, and such powers as are necessarily incident to its existence and proper operation.
2. In the administration of harsh remedies, no grant of authority arises by implication.   The power to act must be expressly given, and is to be strictly construed.
3. In the absence of express legislative authority the judge of a city court can not issue a distress warrant, nor can the clerk of such city court.

Distress warrant, from city court of Fayetteville—Judge Hollingsworth.   August 28, 1906.

Submitted May 7,—Decided May 16, 1907.

*J. W. Culpepper, J. W. Shell,* for Woolsey et al.

*W. N. D. Dixon,* contra.

RUSSELL, J.   On October 26, 1905, the attorney at law for the defendant in error made an affidavit before the judge of the city court of Fayetteville, to obtain a distress warrant for rent, and the clerk of that court, upon this affidavit, issued a distress warrant for rent in the sum claimed.   The affidavit and warrant, being placed in the hands of the sheriff, was duly levied, a counter-

affidavit and bond were thereupon filed, and proceedings were stayed as provided by law. At the July adjourned term, 1906, the defendants (now plaintiffs in error) moved to dismiss the distress warrant, because it was not issued by a justice of the peace, but was issued upon an affidavit made before the judge of the city court of Fayetteville, and because the warrant was issued and signed by J. W. Graham, clerk of the city court of Fayetteville, and the act creating that court confers no such power upon the judge or the clerk. This motion was overruled, and plaintiffs in error excepted. From the above statement of facts it will be seen that the question presented by the record is, whether or not either the judge or the clerk of the city court of Fayetteville, or both together, each exercising the functions of his office, can issue a distress warrant for rent.

The law governing the administration of this harsh remedy must be strictly construed, and the jurisdiction of inferior judicatories, created by special legislative enactment, is limited by and restricted to the act creating such courts. Applying this rule to the act creating the city court of Fayetteville, we are of opinion that neither the judge of a city court, as such, nor the court, acting through its clerk, can issue a distress warrant. We do not mean to say that the legislature, in creating a city court, can not confer power upon that court, or upon the judge of that court, to issue a witness warrant; but howsoever the power arises, it must be conferred in express terms. The act establishing the city court of Fayetteville (Acts of 1902, p. 126) gives that court jurisdiction "to try and dispose of all offenses below the grade of felonies," and "not only the ordinary suits by petition and process, but also all other kind of suits and proceedings which now or hereafter may be in use in the superior court, either under the common law or statutes, including, among others, attachment and garnishment proceedings, illegalities, counter-affidavits to any proceeding from said court," etc. And in section 22 of the act it is enacted, that "the judge of the said city court shall have all the powers and authority throughout his jurisdiction of judges of the superior courts, and all laws relating to and governing judges of the superior courts shall apply to the judge of said city court so far as the same may be applicable, except as

herein provided." Section 19 of the act provides that "garnishment and attachment proceedings and proceedings on distress warrants in said city court shall be conformable to the laws of the State on the subject in the superior court." These are the portions of the act applicable to the subject before us, except that by section 22 the judge is given power to administer affidavits in all cases in which they may be administered by justices of the peace.

It seems, then, that the entire purpose of the act establishing the city court of Fayetteville, as clearly expressed, was to clothe the judge with those powers, and those only (except as to administering affidavits), which appertain to the judges of the superior courts. In *Beall v. Hill,* 42 *Ga.* 173 (under the decisions in *Holland v. Brown,* 15 *Ga.* 113, and *Keaton v. McDonald,* 24 *Ga.* 166), it was expressly held that a judge of the superior court is not authorized by law to issue a distress warrant. So that the judge of the city court of Fayetteville could not issue the distress warrant himself, nor did he attempt ·to do so. Then has the clerk of the city court such authority? We think not. The clerk is only a minister to the court. His duties are purely ministerial. He can not consummate that which the judge can not set in motion. This is true as a general rule, and must be especially true in such a proceeding as a distress warrant, which is at once mesne process, judgment and execution. He could only issue a distress warrant at the command and in the name of the judge; and the judge, as judge of the superior court, having no such power himself, can not delegate that which he does not possess. Authority for the exercise of a remedy, such as a distress warrant, is to be strictly construed, and can not arise by implication.

By the Civil Code, §4818, any person having rent due may make application to any *justice of the peace,* in the county where his debtor may reside, or where such debtor's property may be found, and obtain from such justice of the peace a distress warrant for the sum claimed to be due as rent. The application must be in writing and under oath. After the distress warrant is obtained, if the amount claimed be less than one hundred dollars, it may be levied by a constable; if the amount exceeds a hundred dollars, it must be turned over to the sheriff. It will be noted

that any justice of the county may issue the warrant, and any duly qualified constable may execute it. The landlord is not confined to any particular district or individual for his justice of the peace or his constable. It is further provided in the Civil Code, §4208, that the county judge may *issue* and dispose of distress warrants. Under our law these are the only two sources from which distress warrants can be obtained, in the absence of authority conferring the same power in express terms.

The only section of the act establishing the city court of Fayetteville which makes any direct reference to distress warrants says explicitly that proceedings on distress warrants shall be conformable to the law on the subject in the superior court. Sections 4321 and 5846 of the Civil Code, which define in detail the authority of the judges of superior courts, do not give any right to issue distress warrants; and by the absence of such authority, as well as by the decisions to which we have referred, the right is negatived. By the terms of the act creating the city court of Fayetteville, the clerk is made subject to the same duties and liabilities as the clerk of the superior court; and the latter's duties, specifically set forth in the Civil Code, §§4360-62, do not require or authorize the issuance of distress warrants. Section 4360, par. 4, would do so, but for the lack of authority on the part of the judge of the superior court to issue such warrants, to which we have heretofore referred. Under the special provision of the act in question, the judge of the city court of Fayetteville might swear the applicant to the application mentioned in the Civil Code, §4818, but, under the provisions of the last-named section and the express rulings of the Supreme Court, the act creating the city court of Fayetteville does not go far enough to make such affidavit, when followed by a warrant issued by the clerk, of any effect. The warrant should have been dismissed upon the motion made by plaintiff in error. The defendant in error filed a cross-bill in this case, but, inasmuch as the judgment on the main bill of exceptions is reversed, and the ruling therein will dispose of the case, the cross-bill of exceptions is dismissed.

*Judgment, on the main bill of exceptions, reversed; cross-bill dismissed.*