BARRANTINE *v.* CURRY, solicitor.

No. 7275. DECEMBER 13, 1929.

*Henry G. Howard,* for plaintiff in error.

*W. Inman Curry,* contra.

BECK, P. J. W. Inman Curry, solicitor of the city court of Richmond County, brought his petition against J. B. Barrantine, alleging that the business of Barrantine was the operation of automatic mint-vending machines in Richmond County, that the machines were being operated in a way that constitute the carrying

on of a lottery; that certain named defendants operating the machines had pleaded guilty of the offense of carrying on a lottery and had been sentenced in the city court of Richmond County; that the lotteries were being carried on with the knowledge and consent of Barrantine, and that it was his intention that the machines would be so operated at the time they were placed with the persons who were so operating them. The prayers were for a rule nisi requiring Barrantine to show cause why the machines should not be destroyed; that an order for their destruction be passed; and that process issue requiring the defendant "to be and appear at the next term of court to answer this complaint." Barrantine filed a demurrer upon several grounds. The court overruled the demurrer, and the defendant excepted.

Among the grounds of demurrer is one which raises the question as to whether the act creating the city court of Richmond County vests in that court, the judge, or the solicitor thereof, the authority to institute proceedings for the condemnation and destruction of personal property which has been used in operating a lottery. The respondent also contends that there is no express or implied authority in sections 397-398 or in section 400 of the Penal Code, which defines the carrying on of a lottery and the punishment therefor, whereby any court can render a valid judgment of condemnation and destruction of personal property which has been used in carrying on a lottery. Upon consideration of the act of the legislature approved September 22, 1881, creating the city court of Richmond County (Acts 1880-81, p. 574), we are of the opinion that there is nothing in this act conferring, expressly or by necessary implication, the authority to entertain a petition or application such as that before us here. The jurisdiction of that city court is declared in section 1 of the act, as follows: "That a city court be and the same is hereby created, and established in the City of Augusta, with territorial jurisdiction over the whole County of Richmond, concurrent with the jurisdiction of the superior court, to try and dispose of all civil cases of whatsoever nature above the jurisdiction of justices of the peace, and not exceeding five thousand dollars [changed subsequently by amendment] in the amount involved, exclusive of interest, except in cases of divorce, cases respecting titles to land, and equity cases; and with criminal jurisdiction to try and dispose of all offenses where the offender is not

subjected to loss of life, or imprisonment in the penitentiary, committed in the County of Richmond, and to sit as a committing court, to hold preliminary examinations in cases of felonies committed in Richmond County." It is also prescribed in said act that "it shall be the duty of the said solicitor to represent the State of Georgia in all cases in said city court in which the State shall be a party, and in the Supreme Court in such cases upon writs of error from said city court." It is also provided that the judge of said city court "shall have all the powers and authority throughout his jurisdiction of judges of the superior court, except when by law the exclusive power and authority are vested in judges of the superior court." There is nothing in any of the provisions which we have quoted that authorizes the solicitor of Richmond city court to maintain the proceeding here instituted. Nor has our attention been called to any statute which would authorize a judge of the superior court to entertain this proceeding, except in cases where a judge of the superior court may entertain a suit in equity to suppress nuisances.

In *Welborne* v. *State,* 114 *Ga.* 793 (40 S. E. 857), which in a general way describes the city court and defines its jurisdiction, it was said: "A court created by a special act of the General Assembly, which is located by the terms of the act at a county-site which has been expressly declared to be a city by an act incorporating the same, which has jurisdiction to try criminal cases below the grade of felony, and civil jurisdiction over a portion or all of those classes of cases jurisdiction over which is not by the constitution exclusively vested in some other court, with territorial jurisdiction in both civil and criminal cases, either throughout the limits of the county, or jurisdiction in one class of cases limited to the city, and in the other class coextensive with the limits of the county, with a jury of twelve to try all cases, both civil and criminal, if a trial by jury is demanded, is 'a city court,' within the meaning of that term as used in the constitution of this State." And in *Woolsey* v. *Lawshe,* 1 *Ga. App.* 817 (57 S. E. 1039), it was said: "The jurisdiction of a city court is limited, and is restricted to the powers expressly conferred by the act creating such a court, and such powers as are necessarily incident to its existence and proper operation. . . In the administration of harsh remedies, no grant of authority arises by implication. The power to act must be expressly given, and is to be strictly construed." Numerous decisions by the

courts of other States in the Union and decisions rendered by the Supreme Court of the United States might be cited in general support of what we are here holding. In 15 C. J. 726, we find the following: "In construing grants of power to inferior courts of limited jurisdiction, or courts not proceeding according to the course of the common law, nothing is to be held as granted by implication which is not necessary to the full exercise of the powers expressly granted, and such courts are confined strictly within the limits of the powers granted. The rule also applies where summary or special powers are conferred upon courts of general jurisdiction, in which case even such courts must not go beyond the special powers conferred." The doctrine here laid down is supported by numerous decisions of State and Federal courts, cited in support of the text quoted. In sections 397-98 and 400 of the Penal Code, lottery is defined, and the punishment is there prescribed for conducting or carrying on a lottery; but certainly there is nothing in any one of these sections that gives to any court jurisdiction to entertain a petition for the condemnation and destruction of machines like those described in this application for condemnation. In the Penal Code (Park's Supp. 1926, § 448 (oooo); Michie, 448(54)), provision is made for the destruction of certain contraband articles and for the condemnation of certain property where the same is used for the conveyance of liquors or beverages the sale or possession of which is forbidden by law. But the provisions of that section relating to apparatus or appliances which are used for the purpose of distilling or manufacturing the liquors or beverages there specified and declared to be contraband, and the provisions for the condemnation of certain vehicles, etc., used in transporting the liquors or beverages there referred to, can not be extended by analogy to articles of personal property like those now sought to be condemned. And we must not overlook the fact, in connection with the allegations contained in the petition or application filed by the solicitor, that there is no allegation that the machines or articles of personal property in question could not be used for innocent and lawful purposes, though the use to which they seem to have been put was the carrying on of a lottery. It follows from what we have said that the ground of the demurrer based upon the want of jurisdiction in the city court to entertain the application in question and to grant the judgment sought should

have been sustained. And having so decided, it is unnecessary to pass upon other grounds of demurrer; for the dismissal of the petition would follow upon sustaining the ground of the demurrer which we have considered and passed upon.

Judgment reversed. All the Justices concur.