## JENNER *v.* THE STATE.

No. 8061. JULY 18, 1931.

*Alston, Alston, Foster & Moise* and *William Hart Sibley*, for plaintiff in error.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* contra.

BECK, P. J. The fact that every person inserting a five-cent coin in the machine and pulling the lever thereof received the same articles of merchandise, that is, a package of candy mints, but that one person might receive in addition thereto certain metal

tokens while others inserting a similar coin would receive with the candy mints no token at all, made the machine described in the question "a scheme or device for the hazarding of money or other valuable thing." It is true that the metal tokens were plainly marked "For amusement only," and had no redemption value in money or merchandise, but these metal tokens could be used for securing "amusement" for the person playing the machine, that is, they could have displayed before their eyes "a horoscopic message or pretended fortune.". Amusement and entertainment of this character is usually and generally recognized as a thing of value. Suppose that upon drawing one of these metal tokens, or five of them, the person obtaining them would be entitled to admission to a near-by hall or booth where he could witness the display of a moving picture, one reel or five reels, as the case might be; could it be said that the token was of no value although it entitled the holder to become a spectator at a play like that referred to? If the metal tokens had had stamped on them, instead of the words "For amusement only," the words "This token has no value," nevertheless if as a matter of fact it was understood that the token did secure for the person obtaining it the right to some form of amusement or entertainment which is generally recognized as having a value, the mere statement on the metal token that it had no value would not in itself render it valueless. The answer to the question seems to us plain, and we will not quote at length from authorities supporting the conclusion announced. There are, however, cases from the courts of other States, in which are set forth the arguments supporting that conclusion. In *Brockett* v. *State*, 33 *Ga. App.* 57 (125 S. E. 513), it was said: "Any one operating a slot machine, where persons depositing their money therein and 'playing' the machine may, *by chance,* get, directly or indirectly, articles of value worth more than the money deposited in the machine, is guilty of a violation of § 398 of the Penal Code of 1910." It follows from what we have said that the certified question must be answered in the affirmative.

*All the Justices concur.*