23694.   MAVRIKIS *v.* THE STATE.

Decided January 10, 1934.   Rehearing denied February 12, 1934.

*Aaron Kravitch,* for plaintiff in error.
*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.

Guerry, J.   The defendant, John Mavrikis, was convicted on an accusation in the city court of Savannah charging that he "did unlawfully keep, maintain, employ, and carry on a certain scheme and device, other than a lottery, for the hazarding of money, said scheme or device being known as a 'slot machine.'"   The evidence showed that in a storage room three or four steps in the rear of his store there were seven "slot machines," which were devices for the hazarding of money.   Three of the machines had money in them, in the "jack pot."   These were on the table.   Four were on the floor. The defendant told the officers when first asked about them that he did not have any slot machines, but after the store-room was broken into and the machines were found he admitted that they belonged to him.   The officers saw them through a glass door, and the defendant refused to open the storehouse, saying that the boy who worked for him had the key and was not there.   It was also testified that there was ample room in the store-room for persons to play the machine if they had desired.

It is insisted by the plaintiff in error that this testimony was evidence of possession alone, and as such was insufficient to support a conviction under the Penal Code, § 398.   It is insisted that mere

possession of a scheme for the hazarding of money is in itself insufficient to support a conviction under this section. This court can conceive of instances in which this contention might be sound, but it is entirely inapplicable in this case and under the former rulings of our courts. In *Thomas* v. *State,* 118 *Ga.* 774 (45 S. E. 622), it was said: "Where the indictment charges the defendant with keeping, maintaining and operating a lottery scheme, proof that he kept or maintained the same is sufficient to warrant a conviction, without showing a drawing. . . As the statute makes penal the keeping, maintaining, or carrying on such a device, it was sufficient to show the keeping or maintenance of such a scheme, without going further and proving an actual drawing." This principle was followed in the case of *Bryan* v. *State,* 120 *Ga.* 201 (47 S. E. 574), and has been recently followed by this court in the case of *Sable* v. *State,* 48 *Ga. App.* 174. However, the evidence as to the seven slot machines, three of them with their "jack pots" filled with money and located on a table where there was plenty of room for them to be played in a locked room contiguous to the place of business of the defedant, is amply sufficient to warrant the jury or judge to find that they were being kept and maintained. The possession of seven machines in a locked room and a denial by the owner, prior to their discovery by the officers, of their possession was a sufficient circumstance to authorize the court to determine that such possession was illegal under the statute. It is insisted by counsel for plaintiff in error that in as much as such machines could not be confiscated summarily, they were property, and in that sense it was not illegal to possess them. The case of *Barrantine* v. *Curry,* 169 *Ga.* 589 (150 S. E. 818), was cited in support of this contention. A reading of that case will disclose that no such principle was controlling in the decision there announced. It was held that the solicitor of the city court of Richmond county was without authority to institute a proceeding for the confiscation of a vending machine which was being used by the person in possession thereof as a lottery, the proceeding being brought against the owner of the machine and not against the operator who used it as a lottery. This was so held because the city court was without jurisdiction thereof. The Supreme Court said that the act creating the city court did not give such jurisdiction and added: "In the administration of harsh remedies no grant of

authority arises by implication. The power to act must be expressly given, and is to be strictly construed," citing *Woolsey* v. *Lawshe,* 1 *Ga. App.* 817 (57 S. E. 1039). Attention was called also to the fact that the petition did not negative the fact that such "vending machine" could be used for lawful purposes. The question of confiscation is not involved in the present case, but it is apparent that a "slot machine" as described in this case is different and apart from a "vending machine" which might be used as a lottery. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*