26803. CHAPPELL *et al. v.* STAPLETON.

DECIDED JUNE 29, 1938.

*R. L. Maynard,* for plaintiffs in error.
*Hollis Fort, Hollis Fort Jr.,* contra.

SUTTON, J. Certain slot machines which were being operated in the plaintiff's place of business in Americus, Georgia, and which contained money that had been played therein by various parties, were seized by two deputy sheriffs, the defendants. The plaintiff brought a petition asking for a rule to require the defendants to deliver this money to him. The judge held that the plaintiff was entitled to recover the amount of money contained in the two slot machines at the time of the seizure, and accordingly a verdict was rendered in favor of the plaintiff. The sole question for determination is: Where a slot machine that is being operated by a person in his place of business, and which contains money that has been played therein, is seized by officers, can the owner thereof recover from the officers the money contained in the slot machine at the time of the seizure? Slot machines are designed and used for gaming and gambling purposes, and ordinarily can not be used for any lawful purpose. It is apparently conceded that the slot machines here involved were being operated in violation of law when they were seized. They were contraband and subject to be held by the officers for evidence against the owner or operator, or to be confiscated and destroyed. Their design and purpose were for an illegal, not a legal use. But this is not true with money. Its ordinary and customary use is not only lawful, but in most cases absolutely necessary. Its purpose and object are

good, and it is one of the most convenient and essential things to have around in the ordinary affairs of life. While it may be true that the money here involved had been played into the slot machines illegally, its use in that respect was an isolated one. It is not inherently bad. We have no statute that provides for its condemnation or consfication. Where the purpose and ordinary use of property is lawful, the plaintiff in such a case as the one at bar is entitled to have his property restored or returned to him. In *Robertson* v. *Porter,* 1 *Ga. App.* 223, 231 (57 S. E. 993), cited by counsel for plaintiffs in error, where a trover action was brought for certain articles, some of which were designed and used for the purpose of carrying on a gaming-house, but others of which could be used for legal purposes, it was said: "It may be that the proof will show that some of the articles are not of such character as to render them essentially suitable only for unlawful purposes. If so, the sheriff should return them if they are not retained for the purposes of evidence; and as to such things the plaintiff might have judgment. But those things which are manufactured for gaming and are ordinarily kept only for that purpose, though they may sometimes be put to other incidental harmless uses, are obnoxious in the eyes of the law; and for the taking, damaging, or destroying of them, no cause of action will arise." It is well established that while the law will not lend its aid to one of the parties to an illegal transaction or contract, the rule has application as between the immediate parties only, and one in possession of the fruits of an illegal transaction or contract to which he was not a party can not invoke the rule. After seizing the slot machines, the officers broke into them and took the money therefrom and had it in their possession. They were strangers to the alleged illegal transaction, that is, playing the money in the slot machines, and they can not be heard to urge the illegality of such transaction against the owner of the property in this proceeding. We have carefully examined and considered the cases cited by counsel for the plaintiffs in error, but do not think they are applicable to the facts of this case. The court properly held that the plaintiff was entitled to recover; that is, to have the officers return to him the money here involved.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*