### 32197. DOVE *v.* THE STATE.

MACINTYRE, P. J. 1. The court instructed the jury in part as follows: " 'In this case, Henry Dove is charged with the offense of misdemeanor, for that the said accused on the 20th day of December, 1947, in the county aforesaid,' that is Lowndes County, 'did then and there unlawfully, and with force and arms, keep and maintain, employ and carry on a certain scheme and device for the hazarding of money, and other things of value, said scheme and device being called and known as a slot machine, and a galloping dominoes, and a marble machine, and a numbers machine, and track-odds, all of said schemes and devices kept and maintained for the purpose of hazarding of money, and other things of value, and other schemes and devices for the hazarding of money and other things of value, a more accurate description to the grand jurors unknown, contrary to the laws of said State, the good order, peace and dignity thereof.' To this indictment the defendant has entered a plea of not guilty, thus forming the issue which you are to try. He is presumed by law to be innocent, and that presumption remains with him until his guilt is established by evidence beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis. The burden is on the State to do this, and if they succeed in doing so, then you will convict the defendant; if the State fails to do so, then you will acquit

426

the defendant." The portion of the charge which is set forth within subquotation marks is in the exact words of the indictment, to which no demurrer had been filed. Such instructions, in the absence of a timely written request, sufficiently presented the issue which the jury were to try. *Prior* v. *State,* 74 *Ga. App.* 226, 228, and cit. (39 S. E. 2d, 559). Code, §§ 26-6501 and 26-6502 are statutes directed against lotteries and other similar schemes or devices, and they can be construed together in determining whether or not the offense of carrying on a lottery has been committed. *Russell* v. *Equitable Loan &c. Co.,* 129 Ga. 154, 161 (58 S. E. 881, 12 Ann. Cas. 129); *Meyer* v. *State,* 112 *Ga.* 20, 22 (37 S. E. 96, 51 L. R. A. 496, 81 Am. St. R. 17). Thus it was not error for the court to charge § 26-6501, on the ground that it was not warranted by the allegations of the indictment. *Guthas* v. *State,* 54 *Ga. App.* 217 (187 S. E. 847); *Moore* v. *State,* 54 *Ga. App.* 218 (187 S. E. 595). When the charge is considered as a whole, no reversible error appears for any reason urged. See *Roseberry* v. *State,* 78 *Ga. App.* 324 (50 S. E. 2d, 771).

2. The evidence supports the verdict that the defendant was guilty of lottery in one of the ways charged in the indictment (*Thomas* v. *State,* 118 *Ga.* 774, 775, 45 S. E. 622; *Cody* v. *State,* 118 *Ga.* 784, 45 S. E. 622); and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED DECEMBER 3, 1948. REHEARING DENIED DECEMBER 16, 1948.

*George Thomas, Cam U. Young Jr.,* for plaintiff in error.
*J. B. Edwards, Solicitor-General,* contra.