## 49604. DUNN v. COFER.

QUILLIAN, Judge.

The plaintiff filed an appeal under the Motor Vehicle Safety Responsibility Act, as amended (Code Ann. § 92A-602; Ga. L. 1951, pp. 565, 567; 1956, pp. 543, 547; 1973, pp. 509, 510) to prevent the defendant from revoking his driver's license under the authority contained in Section 7 of the Motor Vehicle Safety Responsibility Act, as amended (Code Ann. § 92A-608; Ga. L. 1951, pp. 565, 571; 1956, pp. 543, 556; 1957, pp. 124, 126; 1964, pp. 225, 228; 1968, pp. 430, 433; 1971, p. 249). The plaintiff was tried in his absence and his bond forfeited in the Magistrate's Court of Spartanburg, South Carolina for driving under the influence. The South Carolina authorities then forwarded a copy of this conviction to the defendant, Commissioner of Public Safety, who, in turn, issued a letter revoking the plaintiff's driver's license based on the South Carolina conviction. Plaintiff then filed this petition in the Fulton Superior Court to enjoin and prevent the defendant from revoking his license. The trial judge, after a hearing, issued an order denying the plaintiff's prayers for relief and ordering him to forward his driver's license to the defendant. After appeal by the plaintiff, the case was transferred to this court by the Supreme Court. *Held:*

We are confronted with a case of first impression involving the question of whether Code Ann. § 92A-608, supra, refers to courts outside the State of Georgia. The section in question provides: "Upon conviction or plea of guilty or forfeiture of bond of any of the following offenses of an operator by or in any court it shall be mandatory upon the director to revoke said operator's license for a period of one year, effective as of the date of such

disposition: . . . (2) Driving a motor vehicle while under the influence of intoxicating liquors or drugs."

In short, the question presented is whether the language "by or in any court" means any court outside the State of Georgia. In considering this problem we consider the normal rule of statutory construction that where a statute imposes a penalty or forfeiture (although this may not be a criminal sanction which is imposed, *City of Albany v. Key,* 124 Ga. App. 16, 21 (183 SE2d 20)), the language thereof is construed against the penalty or forfeiture. *Renfroe v. Colquitt,* 74 Ga. 618 (2); *Roby v. Newton,* 121 Ga. 679, 682 (49 SE 694). See 82 CJS 922, Statutes, § 389.

Also, in considering the provisions in question and attempting to ascertain the legislative intent, which is the heart of statutory construction (Code § 102-102 (9)), we refer to the legislative history of Sections 7 and 8 of the Motor Vehicle Safety Responsibility Act, as amended (Code Ann. § 92A-608, supra, and Code Ann. § 92A-609; Ga. L. 1951, pp. 565, 573; 1956, pp. 543, 559; 1958, pp. 694, 695).

Code Ann. § 92A-608 (Ga. L. 1951, p. 571, Section 7-A) originally provided: "Upon conviction of any of the following offenses of an owner or operator by a court of competent jurisdiction it shall be mandatory upon the Director to revoke said owner's or operator's license and/or registration for a period of three (3) years: . . . (2) Driving a motor vehicle while under the influence of intoxicating liquors or drugs." In 1956 (Ga. L. 1956, p. 556) this language was amended to read: "Upon conviction or plea of guilty or forfeiture of bond of any of the following offenses of an operator by or in any court . . ." etc. At the same time Section 8 (c) (Ga. L. 1956, p. 560) was added. This section besides providing for suspension or revocation in situations where a resident of this state had his operating privilege revoked or suspended in any other state "for failure to show proof of financial responsibility to cover damages arising out of a motor vehicle accident" also set out *"on conviction or plea of guilty or forfeiture of bond for some offense, under circumstances which would require the Director to suspend or revoke a non-resident's operating privilege had the accident or conviction or plea of*

*guilty or forfeiture of bond occurred in this State,* the Director shall suspend or revoke the license of such resident."

In 1958 (Ga. L. 1958, p. 696) the italicized language was deleted from Section 8 (c) so that now the only provision for revocation involving out of state suspensions or revocations is with regard to financial responsibility to cover damages arising out of a motor vehicle accident.

We point out that we need not consider in this case whether the legislature might constitutionally apply a mandatory forfeiture for an out of state offense. However, see authority set forth in 60 CJS 725, Motor Vehicles, § 129. Here it seems clear that the provision to cover out of state offenses was removed from the law by the legislature. We must therefore assume that "by or in any court" is only intended to refer to any court within the jurisdiction of this state. In the writer's opinion the contrary view would inevitably mean that the language "any court" would mean any court, any jurisdiction, anywhere in the world. Moreover, the legislature, if it had intended so broad a meaning, might well have included additional guidelines or requirements as were formerly set forth in Section 8 (c).

In *Hulgan v. Thornton,* 205 Ga. 753 (55 SE2d 115), the Supreme Court construed the language "any court of competent jurisdiction" (Art. II, Sec. II, Par. I of the Constitution of Georgia of 1945, Code Ann. § 2-801) to include courts in other states and noted: "that both the constitutional provision and the Code section [Code § 89-101] are not limited to such crimes as are committed in this State, but cover those committed elsewhere, where the offense is a felony or a crime involving moral turpitude *according to the laws* of this State." (Emphasis supplied.) There the foreign offense was tested by the laws of this state. In this instance no such prerequisite exists.

Here, since the language is ambiguous, we must construe it against the state and in favor of the party against whom the penalty is sought to be imposed. That being true, it was error for the trial judge to sustain the suspension which was enforced against the plaintiff for an offense committed outside the State of Georgia.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 9, 1974 — DECIDED FEBRUARY 4, 1975 —
REHEARING DENIED MARCH 6, 1975 —

*Hicks & Scroggins, John H. Hicks,* for appellant.
*Arthur K. Bolton, Attorney General, R. David Petersen, Daniel McIntyre, Assistant Attorneys General,* for appellee.