## 56601. WARSHAW v. EASTMAN KODAK COMPANY.

SHULMAN, Judge.

Appellant Warshaw filed this action to recover certain photographic film slides which had been sent to appellee Eastman Kodak for processing and which Kodak refused to return on the ground that to do so would violate the obscenity laws (Code Ann. Ch. 26-21). This appeal is from a judgment denying appellant's demand or recovery and, further, ordering the destruction of the slides as contraband. On appeal, appellant does not dispute the court's finding of obscenity. Therefore, for the purpose of this opinion, we assume that the slides are obscene under applicable standards.

1. As a general rule in an action of this sort (in the nature of replevin though properly denominated a trover action, see generally *Delaney v. Sheehan,* 138 Ga. 510 (1) (75 SE 632)), the main issue is one of right to possession. Appellant, noting this general rule, argues that judgment in his favor was demanded because Eastman Kodak did not claim any right of possession in the slides. We disagree.

It is not necessary that defendant establish a right of possession in order to defeat plaintiff's claim to the property. It is sufficient that the defendant show that the plaintiff does not have a right of possession at the time the action is brought. *General Motors Accept. Corp. v. Jones,* 98 Ga. App. 391 (1) (106 SE2d 67). See also *Jackson v. Jefferson Loan Society,* 31 Ga. App. 114 (120 SE 26).

As Kodak raised the defense that the slides were obscene contraband to which appellant had no right of possession, judgment in favor of plaintiff was not demanded on the grounds urged.

2. We decline to accept appellant's invitation to extend the constitutional immunity from prosecution for mere private possession of obscene materials afforded by Stanley v. Georgia, 394 U. S. 557 (1968), so as to confer on appellant a right, outside the confines of his home, to secure obscene materials for his private use.

Subsequent United States Supreme Court decisions have refused to extend Stanley. The constitutional right

to privately possess obscene materials does not presuppose a corollary constitutional right of unregulated access. See, e.g., United States v. Reidel, 402 U. S. 351 (1971); United States v. Thirty-Seven Photographs, 402 U. S. 363 (1971). Thus, the Constitution does not require the protection of appellant's efforts, such efforts not being limited to the privacy of the home, to obtain processing of obscene materials. Our legislature has seen fit to regulate such activity. Code Ann. Ch. 26-21. See, e.g., *Slaton v. Paris Adult Theater I,* 228 Ga. 343 (185 SE2d 768), revd. on other grounds 413 U. S. 49 (1973); opinion on remand, 231 Ga. 312 (201 SE2d 456).

3. Apparently, because of the possibility of criminal prosecution, Kodak has assumed the role of censor in the present case. Censorship, however, has not been committed by law to private entities in the business of printing and developing slides for the public.

Kodak and others similarly situated cannot exercise this awesome power with impunity. They must act responsibly and they must be held accountable. As this is a case of first impression, we deem it proper to provide guidance.

A. The defense that there is no right to recover possession of goods which are contraband is available in a trover action. Eastman Kodak Co. v. Hendricks, 262 F2d 392 (9th Cir. 1958); *Heath Sales Co. v. Bloodworth,* 221 Ga. 567 (146 SE2d 275.) We note that since mere possession of obscene materials is not illegal, obscene materials are not contraband per se. Cf. *Blackmon v. B. P. O. E.,* 232 Ga. 671 (1) (208 SE2d 483). Code Ann. § 26-2104, declaring obscene materials contraband, must be read in conjunction with Stanley, which holds that the state's "broad power to regulate obscenity. . .does not extend to mere possession by the individual in the privacy of his own home." Id., p. 568. Because obscene materials are not contraband for all purposes, it must be shown by way of defense that the materials had in fact become contraband.

B. Once defendant-film developer makes a showing that the materials are obscene, the plaintiff, in order to compel the return of such materials, must show that

(1) plaintiff's activities concerning the materials fall

within the exemption of § 26-2101 (e) (1) or (2); or

(2) the materials were to be a part of a larger work which, taken as a whole, exhibits "serious literary, artistic, political or scientific value." Code Ann. § 26-2101 (b) (2). See e.g., Eastman Kodak Co. v. Hendricks, supra; cf. *Heath Sales Co. v. Bloodworth,* supra.

4. Under the circumstances of the instant case, appellant's activities regarding the subject materials certainly constituted more than mere possession. The trial court was authorized to find that the materials had in fact become contraband in violation of Code Ann. § 26-2104. Appellant's testimony that the materials, if obscene, were for private home use does not alter the contraband nature of the materials.

By refusing to order the return of the slides, the trial court properly declined to invoke its power for the purpose of consummating a transaction in violation of the law. *Elder v. Camp,* 193 Ga. 320 (7) (18 SE2d 622). See also *Evans Theatre Corp. v. Slaton,* 227 Ga. 377 (5) (180 SE2d 712), noting that "[i]t would be against public policy to return obscene material to the owner."

5. Appellant asserts that the state court exceeded its authority by ordering the county solicitor to destroy the slides as contraband. This assertion is well taken.

The state court, as a court of limited jurisdiction, was without jurisdictional authority to order the destruction of the slides as contraband. *Barrantine v. Curry,* 169 Ga. 589 (150 SE 818). Compare *Evans Theatre Corp. v. Slaton,* supra, recognizing the superior court's authority to enter such an order.

*Judgment affirmed in part; reversed in part. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED JANUARY 11, 1979.

*Glenn Zell,* for appellant.

*Arnall, Golden & Gregory, Ellis Arnall, Allen I. Hirsch, William H. Kitchens,* for appellee.