## 34371. BUSBEE v. RESERVE INSURANCE COMPANY.

PER CURIAM.

In *State v. MacDougall*, 139 Ga. App. 815 (229 SE2d 667) (1976), affd., *MacDougall v. State*, 238 Ga. 406 (233 SE2d 378) (1977), the state brought an action to recover approximately $10,000 paid to Ellis MacDougall as part of a salary increase granted to him as Director of the Georgia Board of Corrections during fiscal year 1972-73. The salary increase had been granted to MacDougall at his behest, by a resolution of the Board of Corrections. The Court of Appeals held that the trial court erred in denying the state's motion for summary judgment, since it affirmatively appeared that the board lacked the authority to increase the salary of the director.

The state was unable to obtain satisfaction of its judgment, and suit was commenced by the governor, on behalf of the state, against Reserve Insurance Company, the surety on MacDougall's faithful performance bond. See Code § 89-420. The trial court dismissed the complaint for lack of venue. On appeal, the Court of Appeals held that although venue was proper, the trial court did not err in dismissing the complaint. We granted certiorari.

The controversy in this case focuses on Paragraph 4 of the bond, which states that indemnification will ensue for "Loss caused to the Insured through the failure of any of the Employees, acting alone or in collusion, with others, to perform faithfully his duties or to account properly for all monies and property received by virtue of his position or employment during the Bond . . . "

The Court of Appeals held that the action of MacDougall in seeking and receiving the unauthorized salary increase did not constitute an act required in the

performance of his official duties, nor could the salary increase be classified as money which came into his hands by virtue of his official position as director. In sum, the Court of Appeals concluded that the surety was not liable to indemnify the state for MacDougall's receipt of the unauthorized salary increase. We disagree and reverse.

It would appear to us that MacDougall, by failing to relinquish the sums he had received in the form of his unauthorized salary increase, did not account properly for monies received by virtue of his position or employment. In arriving at this decision, we note that in *Houston Gen. Ins. Co. v. Brock Const. Co.,* 241 Ga. 460 (246 SE2d 316) (1978) affirming *Brock Const. Co. v. Houston Gen. Ins. Co.,* 144 Ga. App. 860 (243 SE2d 83) (1978), it has been held that the rule of "strict law" embodied in Code § 103-103 does not apply to compensated sureties.

*Renfroe v. Colquitt,* 74 Ga. 618 (1885) is disapproved insofar as it holds that money received by a public official in violation of the law of his office is not money received by him by virtue of his office, within the meaning of his faithful performance bond. Insofar as *Maryland Cas. Co. v. Salmon,* 45 Ga. App. 28 (163 SE 285) (1932) is inconsistent with the present decision, it too is disapproved.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., and Hill, J., who concur in the judgment only, and Hall, J., who dissents.*

Argued February 19, 1979 — Decided March 6, 1979 — Rehearing denied March 28, 1979.

*Arthur K. Bolton, Attorney General, J. David Dyson, Assistant Attorney General,* for appellant.
*Eugene P. Chambers, Jr.,* for appellee.