## 58671. BALKCOM v. HEPTINSTALL.

BANKE, Judge.

The appellee filed suit to recover $2,000 confiscated from him while he was an inmate at the Georgia State Prison in Reidsville and ultimately deposited in the prison athletic fund. The appellee admits that his possession of the currency while in prison was unlawful, and he does not dispute the state's right to take it from him. However, he contends that he was entitled to the return of the money upon his release. The trial court agreed and granted summary judgment in his favor. The defendant warden appeals. *Held:*

Currency in the possession of a prison inmate is considered "contraband" pursuant to Rule 125-2-5.04 (d) (v) of the Rules of the State Board of Corrections and is therefore subject to confiscation. However, there is no statute (or regulation for that matter) which authorizes the state to appropriate such currency to its own use. The only penalty authorized for violation of the regulation is loss of "good-time" allowance, see Code Ann. § 77-320.1 (b) (formerly Code Ann. § 77-320 (c)). Thus, there is nothing to place the inmate on notice that money found in his possession will not be returned to him on his release.

"Forfeitures are not favored, and courts incline against them. When a statute may be construed so as to give a penalty, and also so as to withhold the penalty, it will be given the latter construction; and where a statute creates a new offense and provides a penalty, or gives a new right and declares the remedy, the punishment or the remedy can be only that which the statute prescribes." *Renfroe v. Colquitt,* 74 Ga. 618 (2a) (1885). See also *Dunn v. Cofer,* 134 Ga. App. 173, 174 (213 SE2d 483) (1975).

The state contends that the regulation categorizing

currency found in the possession of an inmate as "contraband" is itself sufficient authorization for the confiscation of such funds because "contraband" is by definition subject to confiscation. There can be no doubt, and indeed the appellee concedes, that this is so during the period of time that the inmate is subject to the jurisdiction of the Department of Corrections. To rule otherwise would be to create an intolerable burden for prison officials and perhaps to make the administration of an orderly prison system an impossible task. The question with which we are confronted, however, is whether the state is authorized to appropriate the money after it has been confiscated and to withhold it from the inmate after his release.

In answering this question, a distinction must be made between contraband which is inherently unlawful, i.e., malum in se, and contraband which may ordinarily be used in a beneficial and useful manner but which becomes unlawful under certain specific circumstances set forth by law. Currency obviously belongs to the latter category. It is contraband if in the possession of a prison inmate, but it is not contraband if in the possession of someone else, such as a former inmate who has been released. The need for a statute setting forth with particularity the circumstances under which money may or may not be appropriated by the state for its own use was set forth very clearly in *Chappell v. Stapleton,* 58 Ga. App. 138 (198 SE 109) (1938). In that case, which involved the confiscation of two slot machines and the money they contained, this court upheld a lower court ruling which required that the money be returned to the owner. The money was distinguished from the slot machines as follows: "It is apparently conceded that the slot machines here involved were being operated in violation of law when they were seized. They were contraband and subject to be held by the officers for evidence against the owner or operator, or to be confiscated and destroyed. Their design and purpose were for an illegal, not a legal use. But this is not true with money. Its ordinary and customary use is not only lawful, but in most cases absolutely necessary. Its purpose and object are good, and it is one of the most convenient and essential things to have around in the ordinary affairs of

life. While it may be true that the money here involved had been played into the slot machines illegally, its use in that respect was an isolated one. It is not inherently bad. *We have no statute that provides for its condemnation or confiscation.* Where the purpose and ordinary use of property is lawful, the plaintiff in such a case as the one at bar is entitled to have his property restored or returned to him." (Emphasis supplied.) *Chappell v. Stapleton,* supra, at 138. Compare *Elder v. Camp,* 193 Ga. 320 (7) (18 SE2d 622) (1942); *Heath Sales Co. v. Bloodworth,* 221 Ga. 567 (146 SE2d 275) (1966).

In support of its alleged right to retain the money, the state cites the recent decision of this court in *Warshaw v. Eastman Kodak Co.,* 148 Ga. App. 670, 671 (252 SE2d 182) (1979). What was involved in that case, however, was the confiscation of obscene photographs, which, though not contraband under all circumstances, are not in the contemplation of the law considered beneficial in their ordinary use. Cf. *Evans Theatre Corp. v. Slaton,* 227 Ga. 377 (5) (180 SE2d 712) (1971). Since currency is not in this category, we hold that a prison inmate found in possession of it does not forfeit his right to reclaim it upon his release, absent clear authority from the legislature providing for such a forfeiture.

The trial court did not err in granting summary judgment to the appellee.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED OCTOBER 15, 1979 — DECIDED NOVEMBER 26, 1979 —

*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant District Attorney,* for appellant.
*Frank L. Derrickson,* for appellee.