A89A1126. BROWN et al. v. THOMAS.
(382 SE2d 656)

DEEN, Presiding Judge.

Eddie F. Thomas sued appellants R. Lynn Brown and Charlie G. Brown on a promissory note, seeking recovery of principal, interest, attorney fees and costs. The Browns answered and counterclaimed for damages and rescission of the note on the basis of fraud. The case was tried before a jury, and at the close of all the evidence the trial court

granted Thomas' motion for directed verdict. The Browns appeal from the judgment, enumerating seven errors, all of which involve the trial court's conduct of the trial in regard to the admission or failure to admit certain evidence and the submission or refusal to submit specified issues to the jury. However, no trial transcript is included on appeal, and it affirmatively appears from the record that the failure to file it was caused by the appellants. *Held:*

1. " 'When the only question[s] for determination [require] a consideration of the evidence and where no transcript of the evidence is contained in the record, the judgment of the trial court must be affirmed. [Cit.]' [Cit.]" *Lawson v. Watkins,* 188 Ga. App. 245, 246 (1) (372 SE2d 830) (1988). The notice of appeal is silent as to transmission of the court reporter's transcript. " 'Where the appellant fails to bring up a transcript or otherwise meet his burden of affirmatively showing error by the record, the judgment will not be disturbed. (Cit.)' [Cit.]" Id. "[I]t is well established that '(a) brief cannot be used in lieu of the record or transcript for adding evidence to the record. (Cits.) We must take our evidence from the record and not from the brief of either party.' [Cit.] Since in the absence of a transcript or other appropriate substitute, OCGA § 5-6-41 (g), an appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction, [cit.], we are constrained to affirm the [judgment.]" *In re Holly,* 188 Ga. App. 202, 203 (372 SE2d 479) (1988). Compare *Wagner v. Howell,* 257 Ga. 801 (363 SE2d 759) (1988).

2. Thomas has requested in his brief that this court assess ten percent damages for frivolous appeal pursuant to OCGA § 5-6-6. However, without a transcript we are unable to "carefully examine the record . . . in the light of the entire history of the case as there presented[,]" and therefore are unable to determine whether the appeal presented a "bona fide contest over a colorable matter." *Prattes v. Southeast Ceramics,* 132 Ga. App. 584, 586 (3) (208 SE2d 600) (1974). Accord *Newell v. Brown,* 187 Ga. App. 9 (369 SE2d 499) (1988). Accordingly, an award of damages is denied.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 9, 1989 —
REHEARING DENIED MAY 25, 1989.

*Pamela M. Richards,* for appellants.
*Verlin L. Jones, Jr.,* for appellee.