## A90A0415. SEAMAN v. THE STATE.

(396 SE2d 525)

BEASLEY, Judge.

Police responded to a newspaper ad offering to sell X-rated videotapes. After they bought two tapes, they viewed them, determined they were obscene, and arrested defendant. Execution of a search warrant for his home, from which the tapes were being sold, yielded one high-speed dubbing commercial VCR that was connected to four other VCRs, along with 128 videotapes.

Defendant pleaded guilty to two counts of distribution of obscene materials. He challenges the order of forfeiture of the five videocas-

sette recorders used to copy pornographic videotapes, arguing that the State has no right to the VCRs because they are not inherently illegal. He also argues that he did not receive proper notice of the hearing on the motion to confiscate.

There was no authority for the state court to order confiscation to the State of defendant's property, i.e., "all property currently in the possession of DeKalb County Police Department," which the State in its motion described as "several VCR machines."

Neither the solicitor in the State's motion, nor the court in its order, cited any authority for this action. It occurred in a criminal case, twenty-one days after judgment was entered by way of the sentence. It was not a proceeding in rem, and according to the record (there is no transcript), only the two attorneys were present for hearing, on the day after the motion was made and the rule nisi signed.

The obscene materials which figured in this case became, by statute, contraband because they were declared by the factfinder to be obscene. OCGA § 16-12-83. They were not contraband per se. *Warshaw v. Eastman Kodak Co.*, 148 Ga. App. 670, 671 (3) (252 SE2d 182) (1979). The General Assembly did not include in the contraband statute any other properties which might be seized or used as evidence in the prosecution of a charge of distributing obscene materials under OCGA §§ 16-12-80 or 16-12-81. This express provision indicates by silence that no others were intended to be swept into the net. "*Expressio unius est exclusio alterius.*" Black's Law Dictionary, rev'd 4th ed. (1968).

Forfeiture of property is disfavored and the statutes permitting such are to be strictly construed and limited. *Renfroe v. Colquitt*, 74 Ga. 618, 619 (2a) (1885), overruled on other grounds, *Busbee v. Reserve Ins. Co.*, 243 Ga. 371, 372 (254 SE2d 324) (1979); *Brooks v. Hicks*, 230 Ga. 500 (197 SE2d 711) (1973); *Sale v. Leachman*, 218 Ga. 834, 837 (1) (131 SE2d 185) (1963). Here we do not even have a forfeiture statute, as does exist in the case of the Georgia RICO Act, OCGA § 16-14-7, and the Georgia Controlled Substances Act, OCGA § 16-13-49. Even contraband may not be subject to confiscation. *Balkcom v. Heptinstall*, 152 Ga. App. 539 (263 SE2d 275) (1979). The VCRs are akin to the money ruled on in *Chappell v. Stapleton*, 58 Ga. App. 138 (198 SE 109) (1938), which is described in *Balkcom*.

*Blackmon v. B.P.O.E.*, 232 Ga. 671 (208 SE2d 483) (1974), is not authority for this confiscation. That case involved property which was declared by the General Assembly to be contraband per se, in Ga. Code Ann. § 58-122. The reference to what the court calls "derivative contraband" is dictum and no authority is cited. *Blackmon* provides no foundation for the summary forfeiture of defendant's personal property effectuated by the trial court.

In this posture, it is unnecessary to address the constitutional ar-

guments made by appellant or the validity of the process by which the confiscation took place.

*Judgment reversed. Carley, C. J., Birdsong, Sognier and Cooper, JJ., concur. Deen, P. J., McMurray, P. J., Banke, P. J., and Pope, J., dissent.*

POPE, Judge, dissenting.

I must dissent. I would affirm the forfeiture.

1. "Contraband per se is subject to seizure or forfeiture. An article is deemed to be contraband per se if its possession is illegal." W. Daniel, Ga. Crim. Trial Practice (1989), § 10-2 at 267-268. The videotapes upon which defendant's conviction rests are contraband. OCGA §§ 16-12-80; 16-12-83. "Derivative contraband is property whose possession is legal but which has been forfeited because used in an illegal manner. A classic example is a vehicle which has been used to transport contraband liquor." *Blackmon v. B.P.O.E.*, 232 Ga. 671, 672 (1) (208 SE2d 483) (1974). Possession of the VCRs obviously is legal. Even using the VCRs to view obscene material in the privacy of one's home is legal. *Warshaw v. Eastman Kodak Co.*, 148 Ga. App. 670 (3A) (252 SE2d 182) (1979). However, use of the machines in a scheme to distribute obscene material is illegal. Thus, the machines are derivative contraband subject to forfeiture.

2. Defendant argues that the notice of hearing did not comply with due process because he had only one day's notice of the hearing. However, defendant does not show how he was harmed. The record shows that he was present with counsel at the hearing and was heard. Nothing in the record shows that defendant objected to the notice or procedure followed for the hearing. Therefore, we have nothing to review. See *Brown v. Thomas*, 191 Ga. App. 679, 680 (1) (382 SE2d 656) (1989).

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray and Presiding Judge Banke join in this dissent.

DECIDED JULY 11, 1990 —
REHEARING DENIED JULY 31, 1990 — CERT. APPLIED FOR.

*John D. McCord III*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, R. Andrew Fernandez, Cassandra J. Cook, Cliff Howard, Assistant Solicitors*, for appellee.