## A90A2210. WEBB v. CITY OF ROSSVILLE.
### (401 SE2d 312)

BIRDSONG, Presiding Judge.

John Webb sought declaratory judgment to determine whether certain video poker game machines which he furnishes to businesses in Walker County, Georgia, are "gambling devices" according to OCGA § 16-12-20 and thus subject to confiscation under state law. The City of Rossville received a complaint that a minor had operated one of the machines at a service station and was paid in quarter dollars by the store proprietor for receiving a winning hand from the machine. The City of Rossville proposed to confiscate all the video poker machines distributed by Webb, whether any money had been paid out on a winning play, i.e., whether it was actually used for gambling purposes.

The trial court found that according to *Monte Carlo Parties v. Webb,* 253 Ga. 508, 510 (3) (322 SE2d 246), "under the actual use test some types of equipment must only be shown to have been used to be subject to confiscation, such as a slot machine, whereas with other equipment, such as a backgammon board, it would be necessary to show not only that the board was used but that it was actually used for gambling purposes. . . . Ignoring for the moment the evidence of actual use of [Webb's] video poker machine for gambling, where does the video poker machine lie in the spectrum between the slot machine and the backgammon board? While the video poker machine does not generate an immediate payment of money for a win such as a slot machine [does], the historical view of the game of poker is associated so closely with that of gambling and the winning and losing of money, that its mere use would make it a gambling device, irrespective of any warnings by the owner or qualifications that the machine is designed for amusement purposes only. . . ." Whereupon, after finding importantly that while these video poker machines do not generate "an immediate payment of money" upon the winning of a hand, the player may win a free game which has been held under Georgia law to be a thing of value (*Heath Sales Co. v. Bloodworth,* 221 Ga. 567 (146 SE2d 275)), the trial court found as a matter of fact and law that "the *use* of a video poker machine such as the ones owned by [Webb] would make the machine a gambling device and subject to confiscation." Webb appeals. *Held:*

The trial court erred in its interpretation of the language and meaning of *Monte Carlo Parties*, supra, and in finding that the decision in *Heath* requires a finding here that the award of a "thing of value" (a free hand) is conclusive that these video machines are gambling devices.

In *Monte Carlo Parties*, the Supreme Court rejected a "functional use" test for determining whether a machine is a gambling device; the functional use test would "only require a showing that the equipment *could* be used for gambling purposes to establish that [it is] subject to confiscation." (Emphasis supplied.) The Supreme Court held that the proper test was the "actual use" test, which requires a determination that the machines *are actually used* for gambling.

Although indicating that it was employing the actual use test, in fact the trial court in this case used the functional use test, declaring that "historically," poker card games are associated with gambling, ergo, these video games are gambling devices regardless whether they are *actually used* for gambling in a particular case. However, to reason that a machine is a gambling device merely because it mimics a card game that "historically" *had* been used for gambling, is much the same as saying the machine is a gambling device because it *could* be used for gambling purposes, whether it is actually so used or not. This is the functional use test rejected in *Monte Carlo Parties*, and, for the reasons given in that case, it was error to use the functional use test to find that all these machines are gambling devices in violation of OCGA § 16-12-20. See also OCGA § 16-12-35 (c).

Additionally, a determination whether a "thing of value" is awarded such as a free playing hand (see *Heath*, supra), is no longer a proper conclusive standard in these cases. The fact that the user of the video poker machine might win a free hand from the machine does not require a conclusion that the machine is a gambling device. OCGA § 16-12-35 (b) now sets standards for determining whether and to what extent a "free replay" or "free replays" might render a device a gambling device.

In deciding this case, the trial court should address whether the machines distributed by Webb are *actually used* for gambling. The fact that one machine had been used for gambling purposes indicates only that the machines *could* be used for gambling; whether all such machines are used for gambling or are intended to be used for gambling is a question of fact in the circumstances. Although apparently the machines do not themselves "pay off" so as to be a gambling device, the trial court should make a determination as to all of the machines under consideration, upon specific findings of fact as to precisely how the machines are played, including whether the machines accept such a denomination of money as to suggest the encouragement or inducement to play for money so as to amount to gambling

purposes by actual use, and/or whether the particular machines "react" to more than 15 free replays in violation of OCGA § 16-12-35 (b).

The case is remanded for proper determination of fact consistent with this actual use test as established in *Monte Carlo Parties*, and not according to the analysis used by the trial court in this case.

*Judgment reversed and case remanded. Banke, P. J., and Cooper, J., concur.*

DECIDED JANUARY 8, 1991.

*Amy A. Petulla*, for appellant.

*Gleason & Davis, John W. Davis, Jr., David J. Dunn, Jr.*, for appellee.