UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert James NOGUEIRA,
Defendant-Appellant.

No. 78–1171.

United States Court of Appeals,
First Circuit.

Argued Sept. 6, 1978.

Decided Oct. 26, 1978.

Charles A. Clifford, Charlestown, Mass., for appellant.

Robert B. Collings, First Asst. U. S. Atty., Chief, Crim. Div., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

March 15, 1978, defendant Robert Nogueira was convicted on a one count indictment of armed bank robbery, in violation of 18 U.S.C. § 2113(d). Nogueira complains that the trial court erred in several of its evidentiary rulings, thereby depriving him of rights guaranteed under the sixth amendment.

Nogueira and two accomplices were charged with armed robbery of the Han-

cock Bank and Trust Company on February 14, 1977. According to the testimony of the major prosecution witness, Michael McDonough, the three had arrived at his apartment the morning of the robbery asking to borrow his car. McDonough refused the request. At about 2:00 P.M. that same day, the three returned to his apartment, changed their clothes, displayed their booty, described the robbery and subsequent eluding of the police road block, gave about $100 to McDonough, and left in a cab. Approximately two months following the robbery, McDonough contacted the F.B.I. and informed them of the incident. At some point, the F.B.I. gave McDonough $200. Approximately two and one-half months prior to trial, McDonough began receiving $450 per month from the Witness Protection Program. He was also told that he would not be prosecuted for any part he played in the February 14, 1977, bank robbery (presumably as an accessory after the fact). All these facts were brought out on cross-examination.

Defendant Nogueira alleges constitutional error on the part of the trial court in excluding two lines of inquiry. He claims that he should have been permitted further inquiry of witness McDonough on certain issues. Nogueira attempted to elicit from McDonough the fact that, two years earlier, when responding to an employment questionnaire, McDonough had said that he had never been arrested when, in fact, he had a juvenile record. The prosecution explained to the court that McDonough would testify, in reference to this incident, that his probation officer had told him that, for purposes of job applications, his juvenile adjudications did not constitute a criminal record. The court ruled that the alleged false statement on the job application was inadmissible as being too remote, but also ruled that McDonough's juvenile adjudication of attempted larceny of an automobile could be explored by the defense.

In determining the proper scope of cross-examination for purposes of attacking credibility, the trial court is accorded broad discretion, see e. g., Alford v. United States, 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed. 624 (1931); Lewis v. Baker, 526 F.2d 470, 475 (2d Cir. 1975), with the mandate of an accused's right to confront his accusers a necessary counterweight. U.S.Const. amend. VI. The Federal Rules of Evidence have codified this broad grant of discretion. See Fed.R.Evid. 403, 608(b), 609(d). The trial court must balance the probative value of such evidence against the dangers of unduly extending the trial or misleading the jury. When excursions into issues collateral to the trial are not tethered to the likelihood of assisting the jury in weighing a witness's credibility, the court correctly excludes them.[1] In this case, given the questionable materiality or probative value of the forbidden line of questioning, we cannot find any abuse of the court's admittedly broad discretion. See United States v. DeVincent, 546 F.2d 452, 457 (1st Cir. 1976), cert. denied, 431 U.S. 903, 97 S.Ct. 1634, 52 L.Ed.2d 387 (1977); Fed.R.Evid. 403, 608(b). The court otherwise permitted generous inquiry by defense of witness McDonough, including his juvenile adjudication for attempted car larceny, the fact that he owed restitution to his former employer for a leather jacket, that he had accepted money from the three indicted bank robbers, and that he was now a paid witness participating in the Witness Protection Program.

Nogueira also complains of the court's refusal to admit evidence relating to McDonough's alleged enmity toward his former employer. The court correctly ruled this evidence inadmissible. The former employer was in no way connected with the trial or with the defendants in this case. Any prejudice or bias against the employer was entirely irrelevant and immaterial to the trial of these defendants. Forays into such collateral matters cannot be justified

[1]. Unless, of course, they are admissible for some other purpose, e. g., showing bias or prejudice. See, e. g., United States v.

Honneus, 508 F.2d 566, 572 (1st Cir. 1974), cert. denied, 421 U.S. 948, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975).

merely by invoking the talisman of the right to cross-examination. *See United States v. Poulack,* 556 F.2d 83, 89 (1st Cir.), *cert. denied,* 434 U.S. 986, 98 S.Ct. 613, 54 L.Ed.2d 480 (1977). Defense counsel energetically cross-examined McDonough on possible bias against Nogueira and on possible motives McDonough might have in testifying against Nogueira.

While we are not unsympathetic to defendant's plea that defense counsel should be allowed broad-ranging cross-examination of the principal prosecution witness, particularly when that witness has been largely unavailable to the defense due to his participation in the Witness Protection Program, we do not feel that the defendant's legitimate interests were in any way curtailed by the trial court here. The court did not abuse its discretion in foreclosing questioning of McDonough as to possible bias against his former employer. The extrinsic evidence (photographs of graffiti allegedly scrawled by McDonough, insinuating that he would "get" the former employer) was, of course, inadmissible. Fed.R.Evid. 608(b).[2]

*The judgment is affirmed.*

---

**2.** *"(b) Specific instances of conduct.* Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence."