COMMONWEALTH *vs.* WILLIAM HOLLAND. July 22, 1980. 1. Contrary to the contention now advanced by the defendant, neither of the excluded

questions put to the Commonwealth's rebuttal witness Goodrich on cross-examination appeared to be directed to any alleged bias on his part at the time of trial. Both questions asked only whether the witness had been aware of certain assumed facts at a time more than a year prior to trial. It was well within the discretion of the judge to exclude apparently irrelevant questions. *Commonwealth* v. *Campbell*, 5 Mass. App. Ct. 571, 589 (1977). *United States* v. *Nogueira*, 585 F.2d 23, 25-26 (1st Cir. 1978). It was not adequately explained in the course of the ensuing colloquy how the answer to either question would have been relevant to the credibility of the witness or to any issue in the case. Compare *Commonwealth* v. *Cheek*, 374 Mass. 613, 615 (1978). There was nothing in the rulings by which the questions were excluded which prevented the defendant from asking the witness whether he was then aware of the same assumed facts or from exploring the possible bias of the witness. Compare *Commonwealth* v. *DiSanto*, 8 Mass. App. Ct. 694, 707 (1979). Contrast *Commonwealth* v. *Hogan*, 7 Mass. App. Ct. 236, 241, *S.C.*, 379 Mass. 190 (1979). The defendant abandoned the whole line of inquiry and cannot now complain that the rulings impermissibly restricted the scope of cross-examination. Compare *Commonwealth* v. *Debrosky*, 363 Mass. 718, 726-727 (1973); *Commonwealth* v. *DiSanto*, 8 Mass. App. Ct. at 707. 2. No objection, motion for mistrial or request for curative instructions was addressed to the remarks made by the prosecutor in his closing argument which are now complained of, nor was any exception taken to the instructions which the judge gave in the course of his charge. See *Commonwealth* v. *Gouveia*, 371 Mass. 566, 571-572 (1976); *Commonwealth* v. *Haas*, 373 Mass. 545, 558-559 (1977). When we consider those remarks in light of (a) the prosecutor's explanation in his opening statement that what he was about to say did not constitute evidence on which the jury could base a finding, (b) the judge's immediately ensuing instruction which explicitly reinforced that explanation, (c) the evidence at trial, (d) defense counsel's reiteration of that explanation in the course of his closing argument, (e) the admonitions of both counsel to the jury that it was their recollection of the evidence rather than those of counsel which would control, and (f) the judge's charge to the jury (in which he discussed the same subjects covered by [a], [b], [d] and [e] and cautioned the jury not to decide the case on the basis of bias, prejudice or sympathy) (see *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 416-417 [1978]; *Commonwealth* v. *Dougan*, 377 Mass. 303, 311-312 [1979]), we are not persuaded that a "substantial risk of a miscarriage of justice" (*Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 [1967]) will result from our following the usual rule of not passing on exceptions not taken. See *Commonwealth* v. *Lewis*, 4 Mass. App. Ct. 844 (1976), and cases cited. Compare *Commonwealth* v. *Fluker*, 377 Mass. 123, 130-131 (1979); *Commonwealth* v. *Daigle*, 379 Mass. 541, 549 (1980). 3. We do not consider indictment no. 78804 because that indictment was placed on file with the defend-

ant's consent. *Commonwealth* v. *Delgado*, 367 Mass. 432, 437-438 (1975). *Commonwealth* v. *Hoffer*, 375 Mass. 369, 370 n.1 (1978). The judgments on indictments nos. 78802 and 78803 are affirmed.

*So ordered.*

*Patricia A. O'Neill* for the defendant.
*William E. Loughlin*, Assistant District Attorney, for the Commonwealth.