**UNITED STATES OF AMERICA**
**vs.**
**Robert NOGUEIRA**

**Civil No. 82-0427-MA;**
**Criminal No. 77-0320-MA**

United States District Court
Commonwealth of Massachusetts

**May 21, 1982**

Pro Se, counsel for plaintiff.
U.S. Atty., counsel for defendant.

## MEMORANDUM AND ORDER ON INITIAL CONSIDERATION OF MOTION UNDER 28 U.S.C. § 2255

**Mazzone, D.J.** On March 15, 1978 the petitioner, Robert Nogueira, was convicted of armed bank robbery after a jury trial in the United States District Court for the District of Massachusetts. See, 28 U.S.C. § 2113(d). He was sentenced to a term of twelve years. Nogueira now brings a petition under 28 U.S.C. § 2255 to set aside his conviction due to certain evidentiary rulings at trial which Nogueira claims violate the hearsay rule and thus, presumably, due process and the Sixth Amendment.[1]

---

1. Although the petitioner has not filed an affidavit of bias, see, 28 U.S.C. 2255, Rule 4 Advisory Committee Note, the issue of recusal, 28 U.S.C. 455(a), merits brief comment. The First Circuit Court of Appeals has established a clear standard for cases such as this:

> the mere fact that a judge entertains a motion for new trial in a case over which he presided initially does not reasonably call into question his impartiality.

**United States v. Martorano,** 620 F. 2d 912, 919 (1st Cir. 1980). A motion under 28 U.S.C. §2255 is equivalent to a motion for new trial, at least on this issue. **Id.** at 914 n.1.

It is appropriate for me to consider this §2255 motion for two reasons. First, since I presided at the trial and am thoroughly familiar with the record in this case, administrative convenience is served by conducting the review of the petition in this Court. **O'Shea v. United States,** 491 F.2d 774, 779 (1st Cir. 1974). Second, the issue raised by the petition is purely "legal and does not involve "reweighing factual inferences and credibility," issues best handled by a judge other than the one who presided at trial. **Halliday v. United States,** 380 F.2d 270, 272-73 (1st Cir. 1967).

Nogueira, Robert Scadding and James Brown were charged with robbing the Hanover Bank and Trust Co. in Canton, Massachusetts on the afternoon of February 14, 1977. Scadding and Nogueira were tried together. The central witness for the prosecution was Michael McDonough, who testified that the three men arrived at his apartment wanting to borrow his car, which he refused to lend them. The three men then left, only to return again at 2:00 o'clock that afternoon. At that point the men entered the apartment, described the bank robbery, including the getaway which involved avoiding a police roadblock, and showed McDonough the cash they had taken. While discussing their exploits, they changed their clothes, gave McDonough $100 and then took a cab into Boston.

McDonough eventually went to the F.B.I. and described the incident. Initially, he was given some money by the F.B.I. and later a more substantial sum as a participant in the Witness Protection Program. He was also given immunity in exchange' for his testimony at trial. Nogueira appealed his conviction to the First Circuit Court of Appeals, alleging that exclusion of certain evidence at trial violated his Sixth Amendment rights. The conviction was affirmed. **United States v. Nogueira,** 585 F.2d 23 (1st Cir. 1978).

There were several employees in the bank at the time of the robbery. Each described two men, wearing ski masks, as the robbers. According to the witnesses, the two men entered the bank, jumped over the counter, removed money from the drawers and left. One witness, bank teller Debra Immonen, described another man who came into the bank approximately 20 minutes before the robbery asking for change for a ten dollar bill, which she gave him. She was able to identify the man in several pictures shown to her by the prosecuting attorney at trial.

In total, the prosecution introduced a video tape and five still photographs at trial. The video tape was taken from the surveillance cameras in the bank. A portion of that tape showed the man that Immonen described as asking for change. Four of the still photographs were simply frames from the video tape, the fifth was a picture of James Brown at the time of his arrest. Debra Immonen was able to identify the four still photographs as pictures of the man who had asked for change. All of the photographs and video tape recordings were pictures of James Brown. It is impossible to tell from the petition which of the pictures the petitioner objects to. However, since they are all clearly admissible, an additional hearing on that issue is unnecessary. See, 28 U.S.C. § 2255, Rule 8.

The petitioner faces a heavy burden. As a general rule, collateral relief under 28 U.S.C. § 2255 is available only "in those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid." **United States v. Mayer,** 235 U.S. 55, 69 (1913). In cases where no objection was raised at trial, the standard of review is "plain error[] affecting substantial rights." Fed. R. Evid. 103(d). See also, Fed. R. Cr. P. 52(b); **Wiborg v. United States,** 163 U.S. 632 (1895).[2] The error alleged here, to the extent it can be found at all, was neither "fundamental" or "plain."

---

2. This case also presents a problem of waiver. The objection raised in this petition was not raised on direct appeal. At least in the case of nonconstitutional errors, this would constitute a waiver. See, **Stone v. Powell,** 428 U.S. 465, 477 n.10 (1975) and cases cited therein. Even assuming the evidentiary objections raised by the petitioner present a constitutional question, waiver is still a problem.

During the trial, defendant's counsel did object to the video tape, after it was played, on the basis that there was an inadequate foundation linking Brown to the other defendants. The objection was overruled, with leave to renew if additional evidence concerning Brown was not forthcoming. It was not renewed.

Defense counsel did not object when Immonen identified the four still photographs. In addition, McDonough was questioned by defense counsel on

The petition is premised on the argument that the pictures of James Brown are hearsay, that is, out-of-court statements offered into evidence to prove the truth of the matter. Fed. R. Evid. 802(c). Hearsay statements are presumptively inadmissible. Fed. R. Evid. 802. The photographs at issue here are **not** hearsay, however, and therefore were properly admitted.

The Federal Rules of Evidence specifically exclude from the definition of hearsay "a statement by a co-conspirator of a party during the course of and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). It is immaterial whether the conspiracy is charged, which it was not in this case. See, **Ottomano v. United States,** 468 F. 2d 269 (1st Cir. 1972), **cert. denied,** 409 U.S. 1128, **rehearing denied,** 410 U.S. 948 (1973).[3]

The photographs in dispute here fall clearly within the exclusion of Fed. R. Evid. 801(d)(2)(E). This was indisputably a joint venture.[4] Brown's presence in the bank just prior to the robbery was not an independent frolic. Rather, it falls squarely within the requirement of the Rule that the conduct be "in furtherance of the conspiracy." His conduct and presence near the bank at that time was directly related to the "central criminal purpose of the conspiracy." See, **Grunewald v. United States,** 353 U.S. 391 (1957). Every logical inference from the testimony of Immonen and McDonough indicate that Brown's presence at the bank was part of the conspiracy. Therefore, the pictures are admissible due to the co-conspirator's exclusion.

---

cross-examination about the pictures that appeared on the video tape. On redirect, the prosecution inquired about these pictures. The defense objected initially but withdrew the objection when the prosecution suggested that the defense had inquired about these pictures on cross-examination. The pictures were then admitted without objection. The fifth still photograph, the picture of Brown at the time of his arrest, was admitted later without objection. In essence, the still photographs were all admitted without objection at trial and no objection was raised on appeal.

The rules of evidence require that objections be raised at trial when inadmissible evidence is offered.

Fed. R. Evid. 103(a)1.
Rulings on evidence cannot be assigned as error unless (1) a substantial right is affected, and (2) the nature of the error was called to the attention of the judge, so as to alert him to the proper course of action and enable opposing counsel to take proper corrective measures.

**Notes of Advisory Committee on Proposed Rules,** Federal Rules of Evidence Rule 103. Failure to comply with the rule requiring timely objection waives the defendant's claim. See, **Davis v. United States,** 411 U.S. 233 (1972) (Failure to comply with Federal Rule of Criminal Procedure 12 results in waiver of unconstitutional jury claim.). The waiver can only be overcome if the petitioner can demonstrate "cause" for the waiver and "prejudice" resulting therefrom. **Id.** at 242-45. See also, **Wainright v. Sykes,** 433 U.S. 72 (1977).

Although there is nothing in the entire trial record that would indicate "cause" for not objecting or "prejudice" from failure to do so, those questions need not be explored further given the discussion of the merits of the claim given below. The rule does provide for review when there is "plain error."

3. At one point during the trial, defense counsel objected to the admission of certain hearsay statements by Brown, as recounted by McDonough. The objection was overruled with the offer to instruct the jury concerning the "joint enterprise" rule. The analysis of "joint-enterprise" is the same as for co-conspirator's statements. The terminology of "joint enterprise" is most often used when a conspiracy is not charged in the indictment. See **e.g. United States v. Ushakov,** Report Senate Committee on the Judiciary, 93d Cong., 2d Sess., No. 93-1277 (Oct. 18, 1974) ("a joint venturer is considered a co-conspirator for the purposes of this rule, even though no conspiracy has been charged." **Id.** at 26-27). In any event, defense counsel declined the instruction.

4. Hearsay statements are admissible against co-conspirators when the trial judge is satisfied that the Government has proven the existence of a conspiracy by a preponderance of the evidence. **United States v. Petrozziello,** 548 F.2d 20, 23 (1st Cir. 1977). The procedure to be followed has been spelled out in some detail:

If the prosecution attempts to introduce into evidence and out-of-court declaration under Fed. R. Evid. 801(d)(2)(E), the trial court, **upon proper objection,** may conditionally admit the declaration.

**United States v. Ciampaglia,** 628 F.2d 632, 638 (1st Cir. 1980) (emphasis added). Ultimately the trial court will make the **Petrozziello** ruling and give a cautionary instruction if necessary. **Id.**

No **Petrozziello** rulings were requested in this case. "Failure to object at trial to the omission of such a determination bars an appellate from raising the point on appeal in the absence of plain error. **United States v. Baykowski,** 615 F.2d 767 (8th Cir. 1980)." **United States v. Ciampaglia,** 628 F.2d at 638.

533

See **United States v. Hickey**, 596 F.2d 1082, 1090 (1st Cir. 1979) (identical **modus operandi** sufficient to demonstrate joint venture). There is no plain error.

The photographs at issue here are admissible for yet another reason, which does not require reliance on the coconspirator's exclusion. The definition of hearsay extends only to "statements" which, in the case of nonverbal conduct, means that it "must be intended...as an assertion." Fed. R. Evid. 801(a)(2). The conduct found in these photographs was not as assertion, thus not a "statement," and therefore not hearsay.

Non-assertive conduct is admissible at any time, without regard to the requirements of the co-conspirator's exclusion, provided, of course, all other rules of evidence are satisfied. Hearsay objections are "not applicable to acts which are not intended to be a means of expression." **Lutwak v. United States**, 344 U.S. 604, 618 (1953). Therefore, conduct of co-conspirators is admissible without regard to the hearsay rule. "The **acts**, being relevant to prove the conspiracy, were admissible even though they might have occurred after the conspiracy ended." **Id.** See also, **United States v. Lopez**, 584 F.2d 1175, 1179 (2d Cir. 1978) ("So too, evidence of the meeting itself, if a 'statement' at all, see Fed. R. Evid. 801(a), was admissible under **Lutwak** and **Anderson** because it was post-conspiracy **conduct.**" **Id.** (emphasis added)). The photographs are admissible, under this alternative basis of not being "statements," and, therefore, there was no plain error.

There is one final point. Even if the introduction of the evidence was an error, it was harmless beyond a reasonable doubt. **Chapman v. California**, 386 U.S. 824 (1967). There was substantial independent evidence of Nogueira's guilt. There descriptions of the getaway vehicle, evidence of flight, and taxi records documenting the trip from McDonough's apartment to Boston. In addition, there was the testimony of McDonough about Nogueira before and after the robbery and Nogueira's comments about the robbery. In light of this overwhelming evidence, any possible prejudice from the introduction of the photographs would be slight. Excluding the photographs would have done little to aid the petitioner's case. Their admission was harmless. **Id.**

In accordance with the above, the petition is dismissed. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

SO ORDERED.

**A. David Mazzone**
**United States District Court**